# EMERY *v.* YOUNT.

(*Supreme Court of Colorado, December Term, 1883—Error to the County Court of Larimer County.*)

1. FRAUDULENT CONVEYANCE—NECESSARY AVERMENTS IN BILL BY CREDITOR TO SET ASIDE. A Court of equity will not interfere to set aside a conveyance on the ground of fraud, at the suit of a general judgment creditor, where the debtor has other property subject to execution ; and, in such case, a bill which fails by proper averment to allege insolvency, or facts sufficient to indicate that the judgment cannot be collected without equitable aid, is fatally defective ; and the defect is not cured by evidence of insolvency.

2. SAME. Before a Court of equity is authorized to cancel a voluntary conveyance, on the ground of fraud upon the creditors of the grantor, it must be alleged and proved, that debts existed at the time the conveyance was made, or that it was executed with a view to the creation of future obligations.

3. SAME. In such case, the question, going to the sufficiency of the facts alleged to constitute a cause of action, can be raised at any time.

4. ATTACHMENT LIEN. Proceeding by attachment is in the nature of a proceeding *in rem*, and the attaching creditor acquires a specific lien upon the property attached. This lien cannot be destroyed, except by dissolution of the attachment or some default of the attaching creditor.

5. SAME—NOT MERGED IN JUDGMENT. Such lien is not merged in the judgment rendered in the action, in aid of which the attachment was sued out, until the transcript of the judgment docket has been filed for record in the office of the recorder, since no judgment lien exists until that is done.

6. SAME—ENFORCEMENT OF. In case of such attachment lien, where conveyance was made subsequent thereto, an averment of insolvency is not necessary in suit to cancel the conveyance ; for though the debtor may be abundantly able to satisfy the judgment, he will not be permitted, by fraudulent conveyance, to defeat or destroy the specific lien of the creditor. The latter may invoke the aid of equity to remove the obstruction from the way of the enforcement of his lien, without resorting to an execution, or other legal remedy .

HELM, J. This is an equitable action, brought by Ella B. Yount, a judgment creditor of defendant, George A. Emery, against him and others, for the purpose of subjecting certain real estate to the satisfaction of her judgment. Plaintiff's theory is, that a deed to one of the parcels of land was procured by said Emery to be executed to his wife, a co-defendant herein, for the purpose of defrauding his creditors ; and that he himself assigned a title bond to the other tract to his mother, another co-defendant, with like intent.

The complaint substantially prays that said deed be cancelled, and the lots conveyed to Mary Emery be subjected to the payment of plaintiff's judgment; also that plaintiff be awarded the benefit of a specific lien upon the lots covered by the title bond, by virtue of her judgment aforesaid, and a writ of attachment levied thereon in aid of her suit, before the assignment of said title bond.

The defense is, that Emery's wife advanced the purchase money from her own funds, and purchased the property and took the deed in good faith; and that his mother was the real owner of the title bond before and at the time of the levy of said attachment writ; that Emery was merely a trustee for her benefit, and that the assignment was made in good faith and in execution of the trust.

The questions of fraud involved in the case were submitted to a jury, who found that both transactions were had with the intent of defrauding Emery's creditors. A decree in favor of plaintiff was entered upon these findings.

The complaint nowhere alleges that said defendant, Emery, is insolvent, or that he has not other property amply sufficient to satisfy plaintiff's judgment. It does not even aver that an execution had ever been issued upon said judgment, or that any effort of any kind had ever been made to procure satisfaction thereof; the only allegation on this subject is, that the judgment "still remains unsatisfied in whole or in part."

The *evidence* shows that an execution was issued upon said judgment, and returned "unsatisfied." Aside from this there is nothing in the record bearing upon defendant, Geo. A. Emery's financial condition, save a declaration made by himself to one of the witnesses that he had "plenty of property to pay the note;" meaning the note upon which said judgment was afterwards rendered.

The doctrine is settled that a Court of equity will not interfere to set aside a conveyance on the ground of fraud at the suit of a general judgment creditor, where the debtor has other property subject to execution, sufficient to satisfy the judgment. And therefore, it has become an established rule of pleading that the bill must, by proper averment, allege insolvency, or facts sufficient to indicate that the judgment cannot be collected without equitable aid; failing to do this it is fatally de-

fective. And the defect is not cured even in cases where evidence is received, fully establishing the insolvency of the judgment debtor. The averment is material, and a decree upon proofs without the necessary allegation is error; for "the defendant cannot be required to meet and overcome evidence not responsive to the pleadings." *Thomas* v. *Mackey et al.*, 3 Colo., 393; *Burdsell* v. *Waggoner et al.*, 4 Colo., 259.

A failure to state in the complaint facts sufficient to constitute a cause of action, may be taken advantage of at any time. Code of Procedure, Sec. 56.

Another valid objection urged against the complaint in this case is its failure to aver that plaintiff or any one else was a creditor of defendant, Emery, at the time the alleged conveyance to his wife was executed. Before a Court of equity is authorized to cancel a voluntary conveyance on the ground of fraud upon creditors, it must be alleged and proved that debts existed at the time the conveyance is made; or that it was executed with a view to the contracting of future obligations. *Sexton* v. *Wheaton*, 8 Wheaton, 229.

These principles of pleading are decisive of the case, so far as the deed to Mary Emery is concerned, and would terminate our investigation were it not for a complication arising from the levy of plaintiff's attachment writ upon the property afterwards conveyed to Mrs. A. S. Emery.

The equitable interest of the latter, in the premises, if any she had, did not appear of record; and there is nothing to show that plaintiff had any notice thereof until the assignment of the title bond.

The proceeding by attachment is in the nature of proceeding *in rem*, and the attaching creditor acquires a specific lien upon the property attached; he is not in the attitude of a mere creditor at large. This lien cannot be destroyed except by dissolution of the attachment, or by some default of the attaching creditor, (see Drake on Attachment, Secs. 225, 224, and cases cited); and unless a merger takes place, it remains in full force and effect.

But it is contended by counsel for plaintiff in error, that defendant in error is entitled to no special advantage from this levy of her writ of attachment; because, counsel argues, the lien acquired thereby was merged in her judgment; she has

secured no judgment lien upon the premises, and therefore, no specific lien upon the same can be recognized.

In this State an execution levy and sale, may be made under a judgment as soon as rendered; but the judgment itself constitutes no lien upon realty until a transcript of the judgment docket is filed with the recorder of the proper county. The attachment lien does not merge in the judgment, as contended by counsel. No merger takes place until a judgment *lien* exists. Therefore, with us there is no merger of the attachment lien until a transcript of the judgment docket is duly filed as aforesaid.

No time is limited by law for the filing of such transcript, and it is optional with the creditor to do so or not. If he takes advantage of the statute and records, he obtains a judgment lien upon *all* the realty of the debtor not exempt from execution, unattached as well as attached. This lien takes precedence over subsequent purchases or incumbrances thereof. If he does not record, the rights of *bona fide* purchasers or incumbrancers of the debtor's realty, prior to execution levy thereon, are in no way affected by his judgment.

We do not decide how long this attachment lien upon realty would hold good, nor how soon the attaching creditor should move to subject the property to the satisfaction of his judgment. When a transcript of the judgment docket is filed with the recorder, the lien secured is good for six years whether execution issue or not; (Sess. Laws, 1879, Sec. 16, p. 223) and it may be that in cases like this, where the creditor secures no judgment lien upon all the debtor's realty, his attachment lien upon a specific portion thereof would be held to survive for the same period. In this case, however, these questions are not presented because there was no delay; this action was begun within six weeks after judgment in the original suit.

Plaintiff's attachment lien did not merge, because she never filed a transcript of the judgment docket, and never acquired a judgment lien. It is still in force, and she is entitled to the benefit thereof. No hardship will result in other cases from the application of the rule we thus recognize and adopt; for by our statute an attachment of realty is secured by the sheriff's filing with the county recorder, a copy of the writ and description of the property attached. (Code, Sec. 96.) And this

record is notice to all the world of the attachment lien acquired thereby; it informs parties dealing with the debtor of the creditor's claim upon the property, quite as effectively as does the filing of a transcript of the judgment docket.

Defendant in error is then in the attitude of a judgment creditor, having a specific lien upon a particular tract of land, asking equitable relief against a subsequent fraudulent conveyance of the same. She demands that such conveyance be declared void as to her, and that, to the extent of her lien upon the property, her right to obtain satisfaction of the judgment therefrom be recognized and enforced.

For this purpose we think the pleadings sufficient. The issue as to a fraudulent assignment of the title bond is made by the answer and replication, and supports the verdict of the jury. To recover upon this branch of the case, an averment of the debtor's insolvency was unnecessary; the reasons for that averment by one who is only a general judgment creditor do not control. The debtor may be abundantly able to satisfy the judgment, yet he shall not by a fraudulent transfer of property, be permitted to defeat or destroy a specific lien acquired therein before such transfer thereof, and the creditor shall not be required to wait, after obtaining judgment, till he levies his execution upon the property to be conveyed, or files a transcript of the judgment docket with the recorder before invoking the aid of a Court of equity to remove the obstruction of the fraudulent conveyance. He may first remove this obstruction, so that the property under his execution levy, and sale will bring a fair price, and in a measure at least, satisfy the judgment.

It is unnecessary for us to consider the assignments of error not covered by the foregoing discussion and conclusions. The decree of the County Court will be modified in accordance with the views herein expressed. The costs of these proceedings in error will be equally divided between the parties; the balance of costs will be paid by plaintiff in error, according to terms of former decree.                               *Decree modified.*

*Tilford & Gilmore*, for plaintiff in error.
Submitted *ex parte*.