## CASEY PURE MILK COMPANY v. BOOTH FISHERIES COMPANY and Another.[1]

December 19, 1913.

Nos. 18,396—(147).

**Conversion — pleading.**

   In an action for conversion of personal property, an allegation in the alternative that one or the other of two defendants converted the goods, but, which one, plaintiff is unable to determine, states no cause of action against either defendant.

Action in the municipal court of St. Paul to recover $180. From an order overruling separate demurrers of defendants, Hanft, J., they appealed. Reversed.

*Briggs, Thygeson & Everall,* for appellants.

*Thomas C. Daggett* and *John R. Foley,* for respondent.

HALLAM, J.

Plaintiff sues two defendants, alleging that an order for goods was received from defendant Produce Company; that on October 12, 1910, plaintiff took the goods to the building occupied by both defendants, and, although the goods were intended for the Produce

[1] Reported in 144 N. W. 450.

Company, they were delivered to defendant Fisheries Company; that the next day plaintiff notified the Fisheries Company to deliver the goods to the Produce Company and the Fisheries Company agreed to do so; that on the first of the following month plaintiff demanded payment of the Produce Company, that the Produce Company denied receiving the goods; that the Fisheries Company, on inquiry, stated that it had delivered the goods to the Produce Company. It is alleged that one or the other of defendants received the goods and converted them to its own use, but, which one, plaintiff is unable to determine by reason of the counterclaims of defendants. Defendants demur separately on the ground that the complaint states no cause of action.

We cannot sustain this complaint. We do not wish to detract from the very wholesome rule that pleadings should be liberally construed, but there are a few cardinal principles of pleading that must be observed. One of them is that a complaint must state, with ordinary directness, facts which constitute a cause of action against each defendant. If the facts are not within the knowledge of plaintiff or his attorney, they may be alleged upon information and belief. This complaint does not allege facts showing liability of either defendant. Both defendants might answer admitting every allegation of the complaint, and still the court could not order judgment on the pleadings against either defendant.

We are of the opinion that this form of pleading is not permissible under the code procedure, and such we believe to be the generally accepted rule. Price v. Virginia-Carolina Chemical Co. 136 Ga. 175, 71 S. E. 4; Brown v. Illinois Cent. R. Co. 100 Ky. 525, 38 S. W. 862; Oglesby's Sureties v. State, 73 Tex. 658, 11 S. W. 873; 30 Cyc. 131. A different practice prevails in some jurisdictions, but this is by virtue of express provisions of statute. Honduras Inter-Oceanic Ry. Co. v. Lefevre & Tucker, 36 L. T. (N.S.) 46; Child v. Stenning, 36 L. T. (N.S.) 426; Bennetts & Co. v. McIlwraith & Co. 75 L. T. (N.S.) 145; Phenix Iron Foundry v. Lockwood, 21 R. I. 556, 45 Atl. 546; Rules of Practice, 58 Conn. 561, 20 Atl. v.

There is some authority for the proposition that an exception is made in cases where it is impossible to determine where liability rests, by reason of some close relation between defendants, or of some conduct on the part of defendants, and that in such cases both parties may be joined with an alternative allegation that the acts constituting liability were committed by one or the other. See Braun & Ferguson Co. v. Paulson (Tex. Civ. App.) 95 S. W. 617. Whether such circumstances give rise to an exception to the rule, we need not determine, for it does not appear that this is an exceptional case. The complaint contains no allegation of any close relation or community of action between these parties, except that they are tenants of the same building. It does not allege that they occupy the same business premises. The fact is, plaintiff made the mistake of delivering to one business house goods intended for another, and, instead of taking the trouble to make the transfer itself, relied upon the promise of the party to whom it made delivery to do so. The ultimate question in the case will doubtless be whether the Fisheries Company did transfer the goods to the Produce Company, as it promised to do. Similar questions are liable to arise in any case where one person is directed to deliver goods to another, to pay money to another, or to carry on almost any form of business negotiation with a third party. Similar situations may often be presented in negligence cases where one person is injured in the region of operation of two others.

Plaintiff's counsel states in his brief that he suggested to his adversaries that he amend his complaint so as to allege liability of both defendants. Had he asked this of the court on the hearing, his petition would doubtless have been granted. Harp v. Bull, 3 How. Pr. (N. Y.) 44; Lord v. Hopkins, 30 Cal. 77; 31 Cyc. 396. But he did not do this. He saw fit to stand upon the complaint as originally framed. However, the defects in plaintiff's complaint relate to matters of form. Demurrers and appeals on this ground are not encouraged, and no costs will be allowed to the appellant.

Order reversed.