No. 9718.

THE PEOPLE EX REL. *v.* CHEW.

1. CONSTITUTIONAL LAW—*Civil Service.*  The amendment to the Constitution adopted in 1919 (Laws 1919, p. 343) provides that those holding places in the classified service when the amendment takes effect "shall retain their positions until removed, under the laws enacted in pursuance hereof."  Respondent was unlawfully holding a civil position when the amendment became of force.  *Held* he was not retained therein by the amendment.

2. WORDS AND PHRASES—*Holding a Position,* means lawfully holding it.

3. JUDGMENT IN ERROR—*Effect.* Quo Warranto, and judgment for respondent. Reversed on Error. *Held* that though the judgment below was not superseded, the effect of the judgment of reversal was to determine that respondent's occupancy of the office was wrongful from the beginning.

*Error to Pueblo District Court, Hon. James A. Park, Judge.*

Mr. W. O. PETERSON, for plaintiff in error.

Mr. J. H. VOORHEES and Mr. N. WALTER DIXON, for defendant in error.

*En Banc.*

Mr. Justice Denison delivered the opinion of the court.

THIS is an action of *quo warranto,* to oust respondent from the office of Division Engineer. A demurrer to the petition was sustained, and, upon error this court reversed that decision; 179 Pac. 812, *q. v.* While the case was pending here the so-called Civil Service Amendment to the Constitution was passed, by which a classified civil service was established and defined, which service includes the office of Division Engineer. Upon *remittitur* an answer was filed, the case tried and judgment again rendered for respondent, and the case is here for the second time on error.

The second judgment is based on the amendment, which contains the following: "All persons holding positions in the classified service as herein defined when this section takes effect shall retain their positions until removed under the provisions of the laws enacted in pursuance hereof." S. L. 1919, p. 343. The respondent contends that even if he was wrongfully holding the office, yet since he was an officer *de facto,* he was in the class of "persons holding positions, etc.," and so entitled to retain the position under the above clause. The District Court sustained him in this claim. We think this was error. "In a civilized community 'holding a position' means lawfully holding it." *People ex rel. Hannan v. Board of Health,* 153 N. Y. 513, 518, 47 N. E. 785. But respondent insists that, since the

first judgment of the court below was not superseded, it remained in force until reversed, and so, by virtue of that judgment, he was lawfully holding the position at the time the amendment took effect. We think not. In effect, our reversal of the former judgment determined that respondent was holding the position wrongfully and unlawfully from the beginning of relator's term. Even if the amendment, literally read, includes one wrongfully retaining an office, it is not reasonable so to construe it. *Aggers v. People*, 20 Colo. 348, 38 Pac. 386. Whatever may have been the purpose of the clause above quoted it certainly was not to perpetuate wrongful tenure of office.

The judgment should be reversed with directions to enter judgment for relator upon his right to the office in accordance with the code.

Decided Jan. 5, A. D. 1920. Rehearing denied Feb. 2, A. D. 1920.