(March 6, 1924.)

M. L. KNOOR et al., Appellants, v. H. REINEKE et al., Respondents.

[224 Pac. 84.]

APPEAL — DISMISSAL AS MOOT — WATER USERS' ASSOCIATION — ELECTION OF DIRECTORS — QUORUM — C. S., SEC. 4713 — PLEADING IN ALTERNATIVE.

1. In order to justify the dismissal of an appeal as moot the fact that the controversy has ceased to exist must be shown by clear and convincing proof.

2. A water users' association must own or control an irrigation system in order to claim the benefit of the proviso at the end of C. S., sec. 4713, and this is true whether it be incorporated or unincorporated.

3. Where facts material to the statement of a cause of action or defense are pleaded in the alternative the pleading is fatally defective unless both alternative statements state a cause of action or defense.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. B. S. Varian, Judge.

Action to set aside election of corporate directors. Judgment for defendants. *Affirmed.*

Van de Steeg & Breshears, Buckner & Warren, T. A. Walters and Walter Griffiths, for Appellants.

Looking into the reasons for the amendment of sec. 4713, C. S., it is just as essential that a water users' association should be able to hold meetings of its stockholders and elections before it becomes the owner or in control of an irrigation system as it is after this ownership and control has been acquired; and if the words used in amending this section are given the restricted meaning contended for by respondents, then the amendment has wholly failed to accomplish its purpose. (*State in re Ray County v. St. Joseph, St. L. & S. F. Ry. Co.,* 46 Mo. App. 466; *State v. Corbett,* 57 Minn. 345, 59 N. W. 317, 24 L. R. A. 498; *Larimer County Ditch Co. v. Zimmerman,* 4 Col. App. 78, 34 Pac. 1111; *Heydenfeldt v. Daney Gold & Silver Min. Co.,* 93 U. S. 634, 23 L. ed. 995.)

Henry A. Griffiths, J. B. Eldridge and Wm. M. Morgan, for Respondents.

*Graves v. Berry,* 35 Ida. 498, 207 Pac. 718, is conclusive authority for dismissing this cause as moot; also *Abels v. Turner Trust Co.,* 31 Ida. 777, 176 Pac. 884; *Coburn v. Thornton,* 30 Ida. 347, 164 Pac. 1012; *Roberts v. Kartzke,* 18 Ida. 552, 111 Pac. 1; *City of Wallace v. Deane,* 8 Ida. 344, 69 Pac. 62.

"A pleading must state the cause of action by direct averments, and not by averments in the alternative. In general, a violation of this rule vitiates the pleading. Where the only effect of such allegations is to make the pleading uncertain, the remedy is by motion; but where the complaint alleges in the alternative two statements of fact, one of which is sufficient to constitute a cause of action and the

other not, they neutralize each other, and demurrer will lie." (21 R. C. L. 451; *Anderson v. Minneapolis, St. P. & S. Ste. M. R. Co.*, 103 Minn. 224, 114 N. W. 1123, 14 L. R. A., N. S., 887; *Casey Pure Milk Co. v. Booth Fisheries Co.*, 124 Minn. 117, 144 N. W. 450, 51 L. R. A., N. S., 640; *Porter v. Hermann*, 8 Cal. 619; *Jamison v. King*, 50 Cal. 132.)

A mere allegation that the association claims to be the owner or claims to control an irrigation project is not a sufficient allegation. (*Holton v. Sandpoint Lumber Co.*, 7 Ida. 573, 64 Pac. 889.)

"Where a plea is stated in the alternative, each alternative statement must make out a defense or the plea is bad." (*Porter v. Tenn. Coal, Iron & R. Co.*, 177 Ala. 406, 59 So. 255; *Rogers v. McAlister*, 151 Ky. 488, 152 S. W. 571; *Hoffman v. City of Maysville*, 123 Ky. 707, 97 S. W. 360; 29 Ky. Law, 2145; *Macurda v. Lewiston Journal Co.*, 104 Me. 554, 72 Atl. 490; *Schwarz Bros. Co. v. Evening News Pub. Co.*, 84 N. J. L. 486, 87 Atl. 148.)

McCARTHY, C. J.—This action was commenced for the purpose of setting aside the election of respondents as directors of the Payette-Boise Water Users' Association in January, 1922, and confirming the election of appellants as such.

The amended complaint alleges that at this election appellants received the highest number of votes cast in the election of directors but that respondents were declared the duly elected members of the board, met and organized, and retained possession of the records. In the complaint appellants specifically set out in detail the alleged wrongs and seek relief that the election of respondents be declared void and that appellants be declared lawfully elected. It alleges that the association was organized "for the purpose of owning and controlling an irrigation system; that it does now control, or claim to control, an irrigation system." It does not allege that a majority of the subscribed capital stock voted for appellants.

A demurrer to the amended complaint being sustained and appellants failing to amend, judgment was entered for respondents from which this appeal is taken.

Respondents move to dismiss the appeal on the ground that the issues are moot. Supporting affidavits show that annual elections have been held for the years 1923 and 1924 and that nearly all of the respondents have been dropped from the board of directors.

A moot appeal will be dismissed. But ''In order to justify a dismissal on this ground, however, the fact that the controversy has ceased to exist must be shown by clear and convincing proof.'' (*Graves v. Barry,* 35 Ida. 498, 207 Pac. 718.)

At the time of the commencement of this action there existed two groups of stockholders of the Payette-Boise Water Users' Association each of which held an election of directors, appellants belonging to one and respondents to the other. It is admitted by the affidavits in support of the motion to dismiss that the same condition continues to exist, and each succeeding year the two factions have held separate elections. So while some of the respondents are no longer in office a situation still exists similar to that existing at the time of the commencement of this action. Therefore, we can hardly say that the controversy has ceased to exist. The motion is denied.

Appellants have failed to enumerate the several errors relied on in their brief and have also failed to state their points and authorities as provided by Rule 42 of this court. This practice is becoming too common, and deserves condemnation. It is apparent, however, that the error complained of is the sustaining of the demurrer, and consequent entry of judgment.

C. S., sec. 4713, relates directly to water users' associations and the quorum required at stockholders' meetings. It provides that a majority of the subscribed capital stock shall be necessary to a choice in the selection of directors, unless the corporation or water users' association owns or controls an irrigation system.

*"Provided, However,* That at regular meetings of the stockholders or members of a corporation or water users' association owning or controlling an irrigation system of which corporation or water users' association the number of stockholders or members exceeds 100, those present either in person or by proxy shall constitute a quorum and may elect officers and transact all other business proper to be done by them."

It is not alleged in the complaint that a majority of the subscribed stock was represented.

The amended complaint alleges that the Payette-Boise Water Users' Association is a water users' association incorporated under the laws of the state of Idaho and that "it does now control, or claim to control," an irrigation system within the state of Idaho. Appellants contend that the language above quoted refers to two distinct things, one a corporation owning or controlling an irrigation system and the other a water users' association, that the corporation must own or control an irrigation system to fall within the proviso, but that the water users' association need not. No such meaning can be wrung from the words used. To adopt such a construction would be to distort the statute. Whether the organization be incorporated or unincorporated it must own or control an irrigation system to claim the benefit of the proviso.

Appellants have pleaded in the alternative. The allegation that the association "controls" an irrigation system is negatived by the words "or claim to control." It does not appear that this court has ever had under consideration the question with respect to pleading alternatively in a complaint. It seems to be a well-established principle of law, however, that the material allegations must be pleaded directly and, if pleaded in the alternative, this amounts to a failure to state a cause of action.

"A pleading must state the cause of action by direct averments, and not by averments in the alternative. In general a violation of this rule vitiates the pleading. Where the only effect of such allegations is to make the pleading uncertain, the remedy is by motion; but where the com-

plaint alleges in the alternative two statements of fact, one of which is sufficient to constitute a cause of action and the other not, they neutralize each other, and demurrer will lie. Where, however, the averments of the complaint refer to the same ultimate fact, and each of them is pertinent to the single cause of action, the pleading is not open to the objection that it is alternative." (Ruling Case Law, vol. 21, sec. 15, p. 451.)

"Where an answer contains alternative allegations, each alternative must present matter sufficient in law to constitute a defense to the action. If either of them fails to state facts sufficient to support the defense, the demurrer to it is properly sustained." (*Rogers v. McAllister,* 151 Ky. 488, 152 S. W. 571.)

"Where facts are pleaded in a petition in the alternative, with the allegation that one or the other is true, but the pleader does not know which is true, the pleading is insufficient unless both alternative statements state a cause of action." (*Hoffman v. City of Maysville,* 123 Ky. 707, 97 S. W. 360; *Anderson v. Minneapolis, St. P. & S. S. M. Ry. Co.,* 103 Minn. 224, 114 N. W. 1123, 14 L. R. A., N. S., 886; *Casey Pure Milk Co. v. Booth Fisheries Co.,* 124 Minn. 117, 144 N. W. 450, 51 L. R. A., N. S., 640; *Porter v. Hermann,* 8 Cal. 619.)

The allegations are clearly in the alternative in this case. The sound rule established by the foregoing cases is that unless each alternative allegation is sufficient to constitute a cause of action the complaint is demurrable. The allegation that the association "claims to control" an irrigation system is not sufficient to bring this action within the exception as provided in C. S., sec. 4713. It follows that the demurrer was rightly sustained.

The constitutionality of C. S., sec. 4721, is attacked in respondents' brief. As it is unnecessary to pass upon this question we do not do so.

The judgment is affirmed. No costs are allowed because respondents' counsel, without valid excuse, failed to file his brief in proper time and failed to file a printed brief.

William A. Lee and Wm. E. Lee, JJ., concur.