## No. 11,218.

### NATIONAL SURETY COMPANY v. BANK OF DEBEQUE.

Decided September 14, 1925.  Rehearing denied November 2, 1925.

Action on bonds.  Judgment for plaintiff.

### Affirmed.

### On Application for Supersedeas.

1. APPEAL AND ERROR—*Pleading.* Defendant may raise the objection for the first time in the Supreme Court, that a complaint states no cause of action, but in such case the complaint will be construed for, and not against the pleader.

2. BONDS—*Actions—Notice of Breach—Loss.* In an action on an indemnity bond to save harmless from loss and providing for notice of any breach thereof, it is held under the conditions present, that no notice was required until a breach occurred, and there was no breach until a loss resulted.

3. PLEADING—*Indemnity Bond—Complaint.* Allegations of a complaint in an action on an indemnity bond reviewed and held to state a cause of action.

4.   BONDS—*Liability.* The contention of a surety company that it was not liable on a bank cashier's bond because the alleged loss occurred before the execution of the bond, overruled, where the loss might have resulted from misrepresentations and concealment occurring after the bond was in force, the evidence on the point not being before the court.

*Error to the District Court of Mesa County, Hon. Stroud M. Logan, Judge.*

Messrs. PERSHING, NYE, FRY & TALLMADGE, Messrs. HECKMAN & MITCHELL, Mr. ROBERT G. BOSWORTH, for plaintiff in error.

Messrs. BURGESS & ADAMS, Messrs. DOUD & WALKER, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE Bank of Debeque had judgment against the National Surety Company in an action on two bonds given to insure the fidelity of the bank cashier, one Quigley, and the company brings error. There is no bill of exceptions, hence we consider only the record proper.

The company did not demur below, but claims here that the complaint states no cause of action. This it may do. Code 1921, § 61; *Mulock v. Wilson,* 19 Colo. 296, 35 Pac. 532. But the pleading is not then construed against the pleader, but for him. *Id.*

The complaint is not subject to the objection. It is in two counts, one on each of the two bonds. So far as concerns present questions they are alike, so we will consider only the first: It alleges that Quigley and the defendant surety company executed a bond for $7,500 conditioned to "indemnify and save harmless the bank from and against all loss whatsoever which may be incurred by reason of any dishonest, fraudulent or negligent act or omission of" Quigley. There was no breach, then, until there was a loss.

Another condition was as follows: "The bank shall * * * give prompt notice in writing to the company of any breach of this bond by reason of which it is claimed the company may be liable, and the bank shall within three months after such notice furnish the company sworn proof of such loss, setting forth the particulars thereof. In default of such notice and proof the company shall not be liable for any such loss."

No notice, then, was due until breach, and there was no breach till loss. It need not be said that no notice was due till the bank knew of the breach.

There are several breaches alleged, the principal one is that on or about January 1, 1921, Quigley, without authority and against instructions, made a loan of $4,000 of the bank's money to one D. T. Brown, took his note without security, concealed the making of the loan and the taking of the note, and falsely represented that said note was a collateral and not a principal note. That plaintiff did not learn or discover that said note was a principal note and was given for a loan to said D. T. Brown, as hereinbefore set forth until on or about the 20th day of January, 1923, by reason whereof plaintiff lost $4,000 and interest from January 1, 1921. The complaint alleges that the plaintiff has performed all conditions on its part to be performed and also alleges: "that plaintiff on or about May 1st, 1923, gave notice in writing to the defendant of said breach and loss, * * * but that defendant has not saved harmless" etc.

The general allegation of performance by itself was sufficient. Code 1921, § 72. We do not think that its force is destroyed by the implied admission that the plaintiff discovered on the 20th of January that the note was a principal note and given for a loan to Brown, because these facts alone do not constitute a breach of the bond; a loss must follow. Plaintiff, then, having sufficiently pleaded performance of all the conditions, and not having shown that it delayed after learning of a loss has not shown in its complaint that it failed to give prompt notice. We

cannot say that the complaint does not state a cause of action.

It is claimed that the complaint shows that the loan to Brown was made before the bond was in force, that part of the loss was caused by that dishonesty or negligence and therefore is not within its terms; that since the verdict is for a lump sum, and since we cannot separate what was allowed in it for the Brown transaction from what was allowed for other transactions, the whole judgment must be set aside.

We cannot agree with this because much of Quigley's misconduct with reference to the Brown matter consisted of misrepresentation and concealment after the bond was in force and the damages may have resulted from that. We do not know what the evidence was on this point.

Judgment affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.