No. 11,863.

HEITZMAN v. FIRST NATIONAL BANK OF STEAMBOAT SPRINGS.

Decided April 2, 1928.

Action to hold corporate directors liable for company debts for failure to file annual statement. Judgment for plaintiff.

*Affirmed.*

1. APPEAL AND ERROR—*Default Judgment—No Appearance by Defendant Below.* Where a default judgment is entered against defendant and he does not move specially for relief below, he cannot have alleged errors reviewed in the Supreme Court.

2. PLEADING—*Sufficiency of Complaint—Appeal and Error.* Where defendant moves against the complaint for the first time on review, alleging that it does not state facts sufficient to constitute a cause of action, the intendment of the pleading must be for rather than against the pleader.

3.  CORPORATIONS—*Liability of Officers for Debts—Pleading.* In an action to charge a director of a corporation with company debts because no annual report was filed, C. L. § 2312 makes him liable whether director or officer, and the complaint charging him as director or officer or both, is held sufficient on that branch.

4.  PLEADING—*Corporations—Liability of Directors.* In an action to hold directors of a corporation liable for its debts where no annual report was filed, the contention that the complaint was insufficient because it failed to state "that the company did not pay the fees for filing" as provided in C. L. § 2312, overruled.

5.  STATUTES—*Construction.* In the construction of statutes the spirit and intent must prevail over the letter.

6.      *Construction—Words and Phrases.* In the construction of statutes "or" may be substituted for "and" or vice versa where necessary to give effect to the spirit and intent of the act.

7.      *Construction.* The rule that a penal statute must be strictly construed does not require that it be held inoperative.

8.  APPEAL AND ERROR—*Questions not Raised Below.* The question of excessive damages will not be considered on review where it was not raised in the trial court.

*Error to the District Court of Routt County, Hon. Charles E. Herrick, Judge.*

Mr. ERNEST MORRIS, for plaintiff in error.

Messrs. GOODING & MONSON, for defendant in error.

*Department One.*

MR. CHIEF JUSTICE DENISON delivered the opinion of the court.

THE bank, defendant in error, had judgment by default against Heitzman, and he brings error.

The action was against Heitzman as an officer or director of The Valley Mercantile Stores Company for failure to file the statutory annual report with the secretary of state, and was based on a promissory note made

by said company to the bank upon which a balance was alleged in the complaint to be unpaid. Heitzman took no action in the district court, but sues out his writ of error for errors alleged to appear in the record proper.

The defendant in error claims that since Heitzman made no move in the court below he can assign no error here, even though the defects in the record be jurisdictional. We think this is partly right. The plaintiff in error might have moved specially in the court below, and if he had done so his grounds, if sound, would have no doubt secured relief. Without such motion or some proceeding below he cannot review the errors here. *Fullen v. Wunderlich,* 54 Colo. 349, 130 Pac. 1007.

Heitzman claims, however, that under section 61 of our Code the objection that the complaint states no cause of action may be raised at any time and that therefore it may be raised at any time here without objection below, and so this objection is excepted from the rule in the above case. The cases, however, hold that on such an objection first made here, the intendment of the pleading must be for rather than against the pleader (*Emery v. Yount,* 7 Colo. 107, 1 Pac. 686; *Mulock v. Wilson,* 19 Colo. 296, 35 Pac. 532; *National Surety Co. v. Bank of Debeque,* 78 Colo. 145, 146, 240 Pac. 691, and many other cases), and, tested under that rule, the complaint states a cause of action even if it does not at all events, and it follows that whether *Fullen v. Wunderlich* covers this objection or not, the judgment is not shown to be erroneous on this point.

The first objection to the complaint is that it states no connection of the defendant with the company sufficient to charge him with the duty of making the report. He was one of six directors and the allegation is that "at all times hereinbefore and hereinafter mentioned the said defendants and each of them were and now are directors or officers or both in the said corporation." It is claimed that this is an alternative allegation, and therefore insufficient, but by the statute on which the action is based,

C. L. § 2312, the defendants are liable for the penalty whether they are directors or officers. The complaint, therefore, states a cause of action, so far as this point is concerned, because either alternative is sufficient for that purpose. *Knoor v. Reineke,* 38 Idaho 658, 224 Pac. 84, 85, 21 R. C. L. 451, § 15.

The second objection is that the complaint fails to state that the company did not pay the fees for filing. This objection rests on the peculiar expression in said section "if any such corporation * * * shall fail, refuse or omit to file the annual report as aforesaid, *and* to pay the fees prescribed therefor," the officers and directors shall be liable. If we take the statute literally the objection is sound, but it is hardly credible that the legislature so intended. It leads to the absurd conclusion that a tender of the fee for filing without a report, would bar the penalty and thus defeat the main purpose of the act. This court has held that the spirit and intent of a statute must overrule the letter. *Aggers v. People,* 20 Colo. 348, 38 Pac. 386; *County Com'rs v. Floaten,* 66 Colo. 540, 181 Pac. 122; *McKee v. Elwell,* 67 Colo. 149, 186 Pac. 714; *People v. Chew,* 68 Colo. 158, 187 Pac. 513; *Hoover v. People,* 68 Colo. 249, 255, 187 Pac. 531, and other cases in this court. A common construction upon such theory is to substitute "or" for "and" and vice versa. 25 R. C. L. 977. It follows that the complaint is good in this respect.

We reach this conclusion without overlooking the rule that a penal statute must be strictly construed, but that rule does not require us to emasculate it.

It is claimed that the judgment is excessive because it includes attorney's fees, according to the terms of the note, and that the attorney's fees were not incurred by the bank till this action was brought, which was after the required report had been filed, while the statute makes the delinquent officer liable only for those debts contracted before that time. The complaint, however, states a cause of action regardless of the claim for attorney's fees, and

under *Fullen v. Wunderlich, supra,* the matter of excessive damages should have been raised in the district court.

The judgment is affirmed.

MR. JUSTICE BURKE, MR. JUSTICE WHITFORD and MR. JUSTICE WALKER concur.