J. Richard Barnes, C.L.U. Commissioner of Insurance Division of Insurance State Office Building Room 106 Denver, Colorado 80203
Dear Mr. Barnes:
This opinion letter is in response to your letter of April 4, 1980 in which you ask whether business entities or individuals which share no common ownership and are not members of the same economic family may join together to form a pure captive insurance company under the Colorado Captive Insurance Company Act.
QUESTIONS PRESENTED AND CONCLUSIONS
Your request for an attorney general's opinion presents, initially, two questions:
1. Whether 10 or fewer corporations, partnerships, or individuals with no common ownership relationship can qualify to form a pure captive insurance company under C.R.S. 1973, 10-6-101et seq., the Colorado Captive Insurance Company Act?
 My conclusion is "no." It is my opinion that the intent of the Colorado Captive Insurance Company Act was to provide for the establishment of two separate and distinct captive insurance companies: a pure captive insurance company and an association captive insurance company. The primary distinction between the two types of captive insurance companies is the nature of the relationship between the business entities forming the captive insurance company. A pure captive insurance company is organized by a business entity to insure its own risks and/or the risks of its branches and affiliates; that is, to insure the risks of members of the same economic family.
2. If the answer to (1) above is yes, may the pure captive as described insure the risks of the associated companies of one of its owners.
 Since my conclusion to paragraph (1) above is "no," this second question is not addressed in this opinion.
ANALYSIS
The Colorado Captive Insurance Company Act provides for the establishment of two separate and distinct types of captive insurance companies: a pure captive insurance company and an association captive insurance company. C.R.S. 1973, 10-6-103(9) and 10-6-103(5). Compare 10-6-105(2)(a) with10-6-105(2)(b).
A pure captive insurance company is defined under the statute as a domestic insurance company licensed to write insurance only on the risks, hazards and liabilities of its parent, subsidiary companies of its parent and associated or affiliated companies; except when the captive insurance company insures professional practitioners, errors and omissions or malpractice liability combined with comprehensive general liability. C.R.S. 1973,10-6-103(9), as amended, and 10-6-104(1)(a)(I).[1] When applying for a certificate of authority to engage in the insurance business in Colorado, a pure captive must demonstrate that: (a) there is not an adequate insurance market in the United States to cover the risks to be insured or that the insurance coverage needed is only available at excessive rates or with unreasonable deductibles; and (b) the total insurance coverage necessary to insure the risks as contemplated would develop in the aggregate gross annual premiums of $500,000.
An association captive insurance company is defined under the statute as a domestic insurance company licensed to write insurance only on the risks, hazards and liabilities of the member organizations of the "association." C.R.S. 1973,10-6-103(4) and 10-6-104(1)(a)(II). An "association" is defined in section 10-6-103(3) (as amended) of the statute as
 (a)ny association of individual professional practitioners or association of a group of corporations, partnerships, or associations which, except in the case of an association of professional practitioners, has been in existence for at least one year, the member organizations of which collectively own, control, or hold with power to vote all of the outstanding voting securities of an association captive insurance company.
Thus, this section of the statute provides that business entities which share no common ownership may form a particular kind of a captive insurance company: an association captive insurance company. However, such entities must be members of an organization which has been in existence for a least 1 year, and the members must exercise exclusive control of the association captive insurance company. When applying for a certificate of authority to engage in the insurance business in Colorado, an association captive insurance company must make the same showing required by a pure captive insurance company set forth in (a) above. However, the aggregate gross annual premium requirement is higher for an association captive insurance company; for such captives, it is one million dollars.
The two kinds of captive insurance companies are defined in the same manner in terms of coverage: both captives may insureall risks, hazards, and liabilities of the entity orentities forming the captive. In the case of a pure captive insurance company, the entities to be insured are the parent, subsidiary companies of the parent, and associated or affiliated companies. In the case of an association captive insurance company, the entities to be insured are the member organizations of an "association."
The situation described in your letter assumes ten (or fewer) business entities which wish to form a pure captive insurance company. These business entities are not members of the same economic family, have no common ownership, and they are not members of an association which has been in existence for at least one year. Each of these entities does, however, own, control, or hold with power to vote, ten percent or more of the outstanding voting securities of a pure captive insurance company. These business entities appear to be "affiliated companies" within the definition set forth in the statute. C.R.S. 1973, 10-6-103(1) defines an affiliated company as
 (a)ny company that directly or indirectly owns, controls, or holds with power to vote ten percent or more of the outstanding voting securities of a pure captive insurance company, or any company ten percent or more of whose outstanding voting securities are owned, controlled, or held with power to vote, directly or indirectly, by a parent, subsidiary, or associated company.
Although a literal reading of the definition of an affiliated company would appear to permit these entities to come within the definition of affiliated companies, and accordingly, to form a pure captive insurance company and insure their own risks as risks of affiliated companies, it is my view that such a reading is contrary to the intent of the Act.
First, a literal reading of above sections would reverse the order contemplated in the statute by allowing business entities with no prior relationship (corporate or organizational) to form a pure captive insurance company. Instead of beginning with business entities which have a preexisting relationship and which then form a captive insurance company defined as either an association captive or pure captive by the nature of their preexisting relationship, we would begin with a pure captive insurance company, the formation of which would define the relationship of the business entities involved. In the latter case, the business entities would be the "captive" of the insurance company rather than the insurance company being the "captive" of the business entities.
Second, a literal reading of the above sections would entirely negate the statutory requirements for an association captive insurance company by permitting unrelated business entities to form a pure captive insurance company. Since the statute defines the two kinds of captives identically in terms of the extent of allowable coverage, there would be no need to form an association captive insurance company. The stricter statutory requirements for an association captive insurance company, such as membership in an organization for at least one year and generation of one million dollars aggregate annual premium, would be rendered meaningless. The statutory scheme, setting forth two separate and distinct kinds of captive insurance companies, would be thwarted.
In my view, a literal reading of the statute must be rejected in favor of a reading which preserves the legislative intent to provide for the establishment of two separate and distinct kinds of captive insurance companies. It is my conclusion that the two portions of the definition of an "affiliated company" must be read in the conjunctive rather than the disjunctive. That is, an "affiliated company" is a company which directly or indirectly owns, controls, or holds with power to vote ten percent or more of the outstanding voting securities of a pure captive insurance company and 10 percent or more of whose outstanding voting securities are owned, controlled, or held with power to vote, directly or indirectly, by a parent subsidiary, or associated company.
In construing this section of the statute, I have relied on two well-established rules of statutory construction. First, a statute must be construed as a whole. Each part or section should be construed in connection with every other part or section so as to produce an harmonious whole. Sutherland,Statute and Statutory Construction, volume 2A, section 46.05 (revised 4th ed. C. Sands). Second, a statute must be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant, and so that one section will not destroy another. Id. section 46.06. To the above ends, one word may be substituted for another, including the substitution of a conjunctive for a disjunctive. Id. 47.36 and see Heitzmanv. First National Bank, 83 Colo. 476, 266 P. 213 (1928).
When the definition of an affiliated company is construed in the conjunctive so that both requirements set forth in 10-6-103(1) must be met, it is clear that an "affiliated company" is one which shares an ownership or control relationship with the entity or entities forming the pure captive insurance company. Such a construction preserves the distinction between a pure captive insurance company and an association captive insurance company set forth by the legislature.
SUMMARY
To briefly summarize my opinion, under the Colorado Captive Insurance Company Act only business entities which share common ownership or control may join together to form a pure captive insurance company. The pure captive insurance company so formed may insure only the risks, hazards and liabilities of business entities who share common ownership or control.
Very truly yours,
 J.D. MacFARLANE Attorney General
INSURANCE STATUTES STATUTORY CONSTRUCTION
C.R.S. 1973, 10-6-101
REGULATORY AGENCIES, DEPT. Insurance, Div. of
Ten or fewer business entities or individuals which share no common ownership relationship cannot join together to form a pure captive insurance company under Colorado law. If such unrelated entities or individuals wish to form a captive insurance company, they must meet the statutory requirements of an association captive insurance company.
[1] You have indicated that you are not concerned in your request for an attorney general's opinion with the provision in the statute for insuring professional practitioners, and therefore I have not dealt with this statutory exception in this opinion.