CASE 64—ACTION FOR NEGLIGENCE CAUSING DEATH—DEC. 8.

# Linck's Administrator v. Louisville & Nashville R. R. Co.

### APPEAL FROM TODD CIRCUIT COURT.

1. NEGLIGENCE—FELLOW-SERVANTS—CONDUCTOR AND ENGINEER.—An engineer is a fellow-servant of the conductor even when the latter is temporarily performing the duties of an absent brakeman, and for the negligence of the engineer resulting in the conductor's death the latter's administrator can not recover.

2. SAME—NEW CONSTITUTION.—The fellow-servant rule was not abrogated by section 241 of the Constitution.

3. SAME—DEFECTIVE TRACK.—It is actionable negligence on the part of a railroad company for its agents and servants in charge of the track to leave obstructions on the track over which the plaintiff's decedent stumbled while in discharge of his duties, and so was killed.

STEGAR, WASHINGTON AND JACKSON, JOHN FELAND & SON AND HUNTER WOOD & SON FOR APPELLANT.

1. The new Constitution and the statute enacted pursuant to same make the master liable in all cases for the negligence of a servant causing the death of his fellow-servant.

2. If they do not the master is liable, under the decisions of this court, if, though the servants are co-equals and engaged on the same train, the negligence alleged consists in the improper doing of a particular act over which the co-ordinate could not possibly exercise any control.

3. If the appellant is mistaken in both of these propositions, it is certain that when it becomes the duty of a co-equal to abdicate, so to speak, and undertake the duties of an inferior,—in doing this he is entitled to the same protection as the inferior. Citations: Thompson on Negligence, vol. 2, p. 917, ch. 202; Wood's Master & Servant, ch. 16, sec. 416, p. 795; Cooley on Torts (2d ed.), p. 637, s. p. 541; Constitution, sec. 241; Debates of Con. Conv., p. 5750, vol. 4; Farwell v. B. & W. R. R. Co., 38 Am. Dec., 324; Munsey v. S. C. R. R. Co., 36 Am. Dec., 268; Redfield's Am. R. W. Cases, 403; Redfield on Railways, sec. 170, s. p. 386-7; 5 Am. Law Reg., 272; L. & N. R. R. Co. v. Collins, 2 Duv., 114; L. & N. R. R. Co. v. Brooks' Admrx.,

Linck's Admr. v. Louisville & Nashville R. R. Co.

83 Ky., 137; Canal Co. v. Murphy, 9 Bush, 522; L. C. & L. R. R. v. Caven's Admr., 9 Bush, 559; Quaid v. Cornwall & Bro., 13 Bush, 601; Claxton's Admrx. v. L. & B. S. R. R., 13 Bush, 636; N. N. R. R. v. Eifort, 15 Ky. Law Rep., 600; L. & N. R. R. Co. v. Coniff's Admr., 16 Ky. Law Rep., 296; Voltz v. C. & O. Ry. Co., 95 Ky., 188; Ross v. Chicago Ry. Co., 112 U. S., 377; Northern Pac. R. R. Co. v. Hambly, 154 U. S., 349; E. Tenn. Tel. Co. v. Simms' Admr., 99 Ky., 404; L. & N. R. R. Co. v. Collins, 2 Duv., 114; Debates of last Con. Conv., pp. 5750-1-2; Murray v. S. C. R. R. Co., 1 McMull, 385; I. C. R. R. Co. v. Hilliard, 99 Ky., 689.

W. M. PARHAM on the same side.

1. It is the duty of the master and he is bound, at his peril, to use due care and diligence towards his servants for their safety, and upon his failure to do so, he is liable for the result.

2. It is an imposed duty that a railroad company is bound to exercise extraordinary care and prudence in the operation and movements of its trains, and if a stranger sustains an injury by reason of ordinary negligence of its agents, servants and employes, then the company is liable for the consequent injury.

3. The second amended petition shows that in managing the engine and in driving the cars back the engineer did so with great and unnecessary force and violence and with gross and wilful negligence and carelessness, and that the intestate was at the time acting for and in the place of a brakeman who was temporarily and necessarily absent, and by the rules and regulations of the defendant it was the duty of intestate to make the coupling and to enter upon the track at the time and place that he did, and but for the gross and wilful negligence of said engineer the intestate would not have been injured and killed as stated in the petition.

PERKINS & TRIMBLE in a brief and supplemental brief for the appellee.

Counsel discussed the points urged in the briefs of Stegar, Washington & Jackson, John Feland & Son and Hunter Wood & Son, and W. M. Parham; and upon the said points made the following citations: L. & N. R. R. Co. v. Collins, 2 Duv., 119; Ky. Con., sec. 241; Ky. Stats., sec. 6; Greer v. L. & N. R. R. Co., 14 Ky. Law Rep., 876; Voltz v. C. & O. Ry. Co., 15 Ky. Law Rep., 727; Martin, Admr., v. L. & N. R. R. Co., 16 Ky. Law Rep., 150; L. & N. R. R. Co. v. Rains, 15 Ky. Law Rep., 423; I. C. R. R. Co. v. Hilliard, 18 Ky. Law Rep., 506; L. & N. R. R. Co. v. Mattingly, 18 Ky. Law Rep., 823; C. N. O. & T. P.

Ry. Co. v. Palmer, 17 Ky. Law Rep., 998; East K. Ry. Co. v. Powell, 17 Ky. Law Rep., 1051; L. & N. R. R. Co. v. Sanders, Admr., 19 Ky. Law Rep., 1941; Ky. Senate Journal, 1898, p. 363; L. & N. R. R. Co. v. Moore, 7 Ky. Law Rep., 646; Chicago, &c., R. R. Co. v. Ross, 112 U. S. Sup. Ct., 377; L. & N. R. R. Co. v. Coppage, 7 Ky. Law Rep., 527; Potter v. L. & N. R. R. Co., 20 Ky. Law Rep., 1842; Whitton v. South C. & Ga. R. R. Co., 14 Am. & Eng. R. R. Cases, 776.

EDWARD W. HINES on the same side.

In the recent case of Edmonson v. Ky. Cent. R. R. Co., 20 Ky. Law Rep., 1296, this court held that conductor and engineer were co-equal fellow servants, and that the doctrine of fellow servants applies as well to actions for death as to actions for personal injuries not resulting in death. This case would seem to be conclusive of the case at bar.

EDWARD W. HINES for appellee in a petition for a rehearing.

The court holds that while the petition as amended does not state a cause of action, yet as the petition without the amendment stated a cause of action it was error to sustain a demurrer thereto and that the judgment should for that reason be reversed. The rule that where a plaintiff amends his petition after a demurrer is sustained thereto, he can not on appeal assign the ruling on demurrer as error is universally recognized by appellate courts. Elliott on Appellate Procedure, sec. 683; 1 Ency. of Pl. & Pr., 624; Ball v. C. & O. Ry. Co. (Va.), 32 L. R. A., 792; State v. Jackson, 142 Ind., 259; s. c. 41 N. E., 534; Dorsett v. Greencastle (Ind.), 40 N. E., 131; Lane v. Burlington, &c., R. Co., 52 Iowa, 18; Herman v. Glann (Mo.), 31 S. W., 589; Sylvester v. Gratz, 18 Col., 44; s. c. 31 Pac. Rep., 387; Bell v. Wandby (Wash.), 31 Pac. Rep., 18. When a petition is amended the amendment and original are one pleading. The court then acts not merely on the amendment, but upon the petition *as amended*, and the original petition can not thereafter be considered separately for any purpose. The original petition does not allege that rubbish left on the track was the cause of the death of plaintiff's intestate, and it is manifest that that was the ground upon which the demurrer to that pleading was sustained.

JUDGE WHITE delivered the opinion of the court.

This is an action for damages for causing the death of Edward B. Linck, brought in the Todd Circuit Court. The original petition was in two paragraphs, and alleged

that decedent was killed by being run over by cars backed
by the engine; that at the time decedent was the conduc-
tor of that train, but, on account of the temporary absence
of a brakeman was acting for and in the place of
the brakeman in making the coupling. The alleged neg-
ligence was (1) that of the engineer, in backing the engine
with great and unnecessary violence, so that the coupling
link broke, and decedent was knocked down and run over
by the backing train and killed; (2) that the servants
of appellee having charge of the tracks at the station,
Guthrie, had left on the track, where decedent was com-
pelled to make the coupling, a lot of rubbish and old iron,
and it being in the night-time, and decedent being unaware
of the presence of the obstruction, he stumbled and fell over
this iron, and was run over and killed. Before answer,
an amendment was filed, alleging a defect in the coupler,
and that by reason thereof the injury occurred; that is,
while decedent was trying to use the defective coupler he
could not avoid the negligence of the engineer in backing
the engine. To the petition as amended an answer was
filed, denying these alleged acts of negligence, and plead-
ing contributory negligence. A reply denied contrib-
utory negligence. Subsequently appellee, by per-
mission, withdrew its answer, and filed a demurrer to
the petition and amendment. This demurrer was sustain-
ed, and appellant filed a second amended petition. A sec-
ond demurrer was sustained to the petition as amended,
and, appellant failing to plead further, the action was dis-
missed, and hence this appeal.

The petition, as amended the last time, alleges that de-
cedent, Linck, was a conductor in charge of a freight train
on appellee's road, and at the time the injury that resulted
in death was inflicted, decedent was acting as a brakeman

in making a coupling of some cars in the train; the brake-
man whose duty it was to make the coupling being tem-
porarily and necessarily absent.   The negligence complain-
ed of is alleged to have been, alternatively, in one or the
other of several things.   It is alleged that the negligence
causing the injury was that of the engineer in charge, by
moving the cars backward "with great and unnecessary
force and violence, and with gross and willful negligence
and carelessness," and that but for this negligence of the
engineer the injury and death would not have happened.

It is next alleged that the agents and servants of appellee,
not in charge of the train or operating it, negligently and
carelessly left upon the track, where decedent must pass
in making the coupling, a lot of old iron and other mater-
ial, over which decedent stumbled and fell in attempting
to avoid the negligence of the engineer as above; that the
fact of the old iron and other obstructions being there was
unknown to decedent; that by reason of this negligence
the injury occurred from which death resulted.   It is also
alleged that the injury resulted by reason of a fall over the
old iron and other obstructions above stated, carelessly
and negligently left on the track by the track repairers,
and of whose presence decedent did not know, nor by the
exercise of reasonable care could have discovered.

It was also alleged that the coupler on the car was heavy
and cumbersome by reason of a defect, and did not fit the
car to be coupled thereto, and that to make the coupling it
was necessary to lift up the defective coupler, and in so
doing decedent was injured; that the defective condition
of the coupler on a car not in his train was discovered
only after decedent went in to make the coupling, and
then too late to avoid the negligence of the engineer in
backing too fast and hard, and that but for this defective

coupler the injury would not have resulted to decedent, even though the engineer was negligent also. It was averred that either the facts as alleged in the first, second, third or fourth paragraphs are true, but that the appellant did not know which was true. The second demurrer, being to the petition as finally amended, goes to the paragraphs separately, and, if either paragraph alleged in the alternative be insufficient, the demurrer must be sustained. Construing the pleading most strongly against the pleader, he must sustain his alternative pleas in the weakest point.

Beginning with the case of Railroad Co. v. Collins, 2 Duv., 118; [87 Am. Dec., 486], this court, by a long and unbroken line of decisions, including Railway Co. v. Palmer, 98 Ky., 382; [33 S. W., 199], and Edmonson v. Kentucky Central Railway Co., 20 Ky. Law Rep., 1296, [49 S. W., 200, 448], has repeatedly held that where two servants of the same master are equal, and neither superior to the other, no recovery can be had, as against the master, by one servant for the negligence of the other. It has also been held that where two servants are in the same field of labor, but are not of the same rank, the master is not liable for an injury to the subordinate by the ordinary negligence of the superior, but is liable only in case of gross negligence of the superior.

The Edmonson case was where a conductor was run over and killed while attempting to make a coupling himself. The court held there could be no recovery for the negligence of the engineer, by reason of the rule in the Collins Case, 2 Duv., 118; [87 Am. Dec., 486]. The death occurred, in the Edmonson Case, in October, 1890. It is contended that if the rule laid down in the Edmonson Case, and other cases to the same effect, were the law as to the

cases there decided, it has no application to this; that by the adoption of section 241 of our present Constitution the rule of law as to fellow servants was changed.

Section 241 of the Constitution reads: "Whenever the death of a person shall result from an injury inflicted by negligence or wrongful act, then, in every such case, damages may be recovered for such death from the corporation and persons so causing same." There follows a provision as to who may prosecute an action to -recover. It is insisted that by the use of the term, "then, in every such case, damages may be recovered for such death, from the corporation and persons so causing same," it is meant to provide that a recovery may be had for a death resulting from the negligence of a fellow servant, regardless of grade or degree of negligence.

In considering this section, it may be well to consider the condition of the law as laid down by this court at the time of the adoption of the Constitution.

Under section 1 of chapter 57 of the General Statutes, it had been held, as in the Collins Case, 2 Duv., 118; [87 Am. Dec., 486], that damages were not recoverable by an employe of a railroad for an injury inflicted by the negligence of a fellow servant. And a fellow servant was held to be a servant of the same master, in the same field of labor, and of an equal grade with the one injured. It was also held that no recovery could be had for the ordinary negligence of a superior servant of the same master engaged in the same field of labor.

Under section 3 of chapter 57 of the General Statutes, it had been held that no recovery could be had for,death unless the deceased left a widow or child.

The debates of the Constitutional Convention (pages 5749-5752) show that it was intended to

place ' in the organic law, and beyond the con-
trol of the Legislature, that an .action for dam-
ages resulting in death survived, and might be recovered
by the personal representative, regardless of whether
widow or children survived. It was intended to provide,
also, that the right of action could be maintained against
both the servant whô was negligent and the company he
represented. The framers of the Constitution intended to
so fix the law that the Legislature could not release either
the servant who was negligent or the company. It is true
that, as the statute then stood, the changes made by the
Constitution amounted, as we see it, to but two things:
It provided for a survival of the action, regardless of the
fact whether decedent left a widow or child, and also pro-
vided for a recovery by a servant against his master for
the ordinary negligence of a superior servant; whereas,
in the first there was no survival of the action without
a widow or child, and in the second the negligence of
the superior servant must have been gross.

But, to be plain that this is the law as intended, the
first Legislature that assembled after the adoption of
the Constitution, and which contained many members of
the convention, section 6 of the Kentucky Statutes was
enacted. It provides: "Whenever the death of a person
shall result from an injury inflicted by negligence or wrong-
ful act, then in every such case damages may be recovered
for such death from the person or persons, company or
companies, corporation or corporations, their agents or
servants causing the same, and when the act is willful
or the negligence gross, punitive damages may be re-
covered and the action to recover such damages shall be
prosecuted by the personal representative of the deceased."

This statute clearly provides that, where death is

caused by negligence or wrongful act, the cause of action survives; where the negligence is ordinary, compensatory damages may be recovered; where the negligence is gross, or the act willful, punitive damages may be recovered; that such action may be maintained against the immediate person guilty of the wrongful act or of the negligence, as well as against any person, company or corporation represented by such person inflicting the injury.

It is insisted in the case at bar that, under the Constitution and the above statute, appellant has shown a right to recover. If this action was against the engineer whose alleged negligence caused the injury, counsel would be correct; but as to appellee company such is not the law, for the reason that, as between decedent and the engineer, the engineer did not represent the company.

If it be conceded that the engineer was the equal in service with decedent, then as to decedent the engineer could not represent the common principal. The fact that decedent at the time was performing the duties of brakeman did not change his character or position as conductor. Although the brakeman, if injured under the same circumstances, might have recovered of appellee, yet decedent can not, because as to him there was no agent of the company guilty, or charged to be guilty, of negligence.

The petition, as finally amended, therefore, in one of the alternative pleas, failed to state a cause of action, and was insufficient. For the same reason the petition as first amended, as to the first paragraph alleging the negligence of the engineer, was insufficient; and the court, in sustaining demurrer thereto, in so far as it pleaded the negligence of the engineer, did not err. However, in the original petition, the second paragraph alleging negligence of servants of appellee, who had charge of the track at

that point, in leaving obstructions on the track, and by reason of such obstructions decedent, not being apprised that they were there, stumbled and fell, and was run over and killed, stated a cause of action. The court, therefore, erred in sustaining a demurrer thereto.

For this error the judgment is reversed, and cause remanded, with directions to overrule the demurrer to the second paragraph of the original petition, and for further proceedings consistent herewith. Upon a return of the case, appellant will be permitted, if he so desires, to withdraw his last amended petition.

The whole court sat in this case.

JUDGE GUFFY DISSENTS FROM PART OF THIS OPINION.