Hoffman v. City of Maysville.

Case 95.—ACTION BY JESSE L. HOFFMAN AGAINST THE
CITY OF MAYSVILLE FOR DAMAGES FOR PERSONAL
INJURIES.—Nov. 8.

## Hoffman v. City of Maysville.

Appeal from Mason Circuit Court.
JAMES P. HARBESON, Circuit Judge.
Judgment for Plaintiff. Defendant appeals. Affirmed.

1. Pleading—Alternative Allegations—Defective Unless Both are
True—The rule is, that where the facts in a petition are
stated in the alternative with the allegation that one or the
other is true, but the pleader does not know which is true,
both of the alternative statements must present a cause of
action. If one, even if true, fails to present a cause of action,
the pleading is bad, and a demurrer to the petition should be
sustained.

2. Same—In an action against a city the plaintiff alleged that
he was injured by breaking through a defective sidewalk and
falling into a pool of hot water, which the city permitted a
private corporation to construct under the sidewalk, and
which the city knew, or by the exercise or ordinary dilligence
could have known, was defective and dangerous, and by an
amendment alleged that the pool of hot water had accumulated
either under the sidewalk or at a point within the private
property of the corporation; that one of these alternative al-
legations was true, but plaintiff did not know which was
true. Held—The original petition stated a cause of action.
against the city, but the amendment did not, and a demurrer
to the petition as amended was properly sustained.

3. Sidewalks—Drain Thereunder—Defect on Adjacent Private
Property—Injury to Pedestrian—Liability of City—Where a
city permitted a private corporation to construct a drain under
its sidewalk, which was covered with boards and earth up
to the street line, which concealed the drain, the city was
under no duty to inspect the drain within the line of the
private property, and it can not be held responsible for an in-
jury accruing to one by reason of a defect in the drain before it
reached the sidewalk, of which it did not have actual notice.

A. B. & A. D. COLE and W. P. COONS for appellant.

Hoffman v. City of Maysville.

The questions present themselves for consideration in this case:

1. Whether appellee is liable in damages to appellant, for carelessly and negligently failing to repair the drain, if appellant was precipitated through a crust of earth on the street or side walk.

2. Whether appellee is liable in damages to appellant, if he was precipitated through a crust of earth on private property in close proximity to appellees street or side walk.

### AUTHORITIES CITED.

1. Maysville v. Guelfoyle, 110 Ky., 670; City of Louisville v. Johnson, 69 S. W., 803; City of Henderson v. White, 49 S. W., 764; City of Madisonville v. Pemberton's Adm'r, 72 S. W., 229; City of Covington v. Jones, 79 S. W., 243; Beall v. City of Seattle, 61 L. R. A., 583; Peoria v. Simpson, 110 Ill., 294.

2. Elliott on Roads and Streets, [2 Ed.], Sec. 613; Thompson on Negligence, 5 Vol., Sec. 6055; City of Hannibal v. Campbell, 86 Fed. Rep., 302; James Adm'r v. Harrodsburg, 85 Ky., 191; Parker v. Mayor of Macon, 99 Am. Dec., 486; Niblett v. Nashville, 27 Am. Rep., 756; Franklin, T. P. Co. v. Cockett, 2, Snead, 271; Oliver v. Worcester, 102 Mass., 489; Bassett v. City St. Joseph, 14 Am. Rep., Blake v. City St. Louis, 40 Mo., 569; Bowie v. Kansas City, 50 Mo., 454; Smith v. City of St. Joseph, 45 Mo., 449; Alger v. City of Lowell, 3 Allen, 402.

THOMAS M. WOOD City Attorney and WORTHINGTON & COCHRAN for appellee.

### POINTS AND AUTHORITIES.

1. The city was not authorized to grant the January & Wood Co. permission to construct the sewer leading hot water into its streets. (Hoggard et ux v. Mayor, etc., of Monroe, (25 So. Rep., 349), Chapter 197, Act of Kentucky Legislature, 1833, pages 173, 193, Section 2, 546, Ky. Statutes, Dill. Mun. Corp., (4th Ed.), Sec. 963; Hutchinson v. Trenton Board of Health, 39 N. J. Eq., [12 Stew.], 569; [Cavanaugh v. City of Boston, 139 Mass., 426]; Oak Cliff Sewerage Co. v. Marsalis et al, 69 S. W. Rep., 176; Robinson v. City of Danville, 43 S. E. Rep., 337, sub-sec. 25 of sec. 3490, Ky. St.; City of Louisville v. Hyatt, 5 B. M., page 219, Sec. 4077, Ky. St.; Lowery v. City of Lexington, 75 S. W. Rep., 202; Smith v. City of Rochester, 76 N. Y., 506; Betham v. City of Philadelphia, Mun. Corp., Cases Vol. 4, page 429, (by T. J. Michie); Town of Idaho Springs v. Filteau, 14 Pac. Rep., page 48; Town of Idaho Springs v.

Woodward, 14 Pac. Rep., page 49; Kosmak v. New York, [Ct. of Appeals), Northeast Rep., 945, (1899).)

2. It is generally agreed that where a defect is latent so that it cannot be discovered by the exercise of reasonable diligence on the part of the proper municipal o cers, notice will not be imputed to the city and the concealed defect is a question for the court. (City of Covington v. Asman, Ky. Rep., 113, page 608; Canfield v. City of Newport, 73 S. W. Rep., 788; Bell v. City of Henderson, 74 S. W. Rep., 206; Cooper v. City of Milwaukee, 72 N. W. Rep., page 1133ffi Fitzpatrick et al v. Burgess, etc. of Borough of Darby, 39 At. Rep., page 545; Jones v. City of Greensboro, 32 S. E. Rep., page 675; Mayor, etc. of City of Jackson v. Pool et ux, 19 So. West Rep., page 326; Klein v. City of Dallas, 8 So. West. Rep., page 92; Brown v. Town of Holly, 38 At. Rep., page 69; Wakeham v. Township of St. Clair, 51 N. West. Rep., page 696; Carvin v. City of St. Louis et al, 52 So. West. Rep., page 210; Baustian v. Young et al, 53 So. West. Rep., page 921; Buckley v. Kansas City et al, 54 So. West. Rep., page.)

3. Liability of Defendant rests solely on its negligence in maintaining its highway in the case at bar. (Black's Law & Practice in Accident Cases, Sec. 150, page 180, and Mayor, etc. of Dalton v. Wilson, Supreme Court of Georgia, May 30, 1903, 44 S. E. Rep., 830; James' Adm'r v. Trustee of Harrodsburg, 85 Ky. Rep., page 193; Miller & Myers v. City of Newport News Supreme Court of Appeals of Virginia, June 11, 1903, 44 S. E. Rep., 712; City of Georgetown v. Commonwealth, Court of Appeals of Kentucky, April 29, 1903, 73 S. W. Rep., 1011; Board of Councilmen of City of Frankfort v. Commonwealth, Court of Appeals of Kentucky, June 16, 1903, 75 S. W. Rep., 217.)

4. There was no breach of duty on the part of the defendant that was the proximate cause of the appellant's injuries. (Thompson on the Law of Negligence, Sec. 44 & 45; Aldrich v. Gorham, 77 Me., 287; Kistner v. Indianapolis, 100 Ind., 210; Scheffer v. Railroad Co., 105 U. S., 249.)

5. The landlord or tenant is liable for injuries on the premises. (Black's Law & Practice in Accident Cases, Sec. 59, 60; Shearman & Redfield on the Law of Negligence, Sec. 120.)

OPINION BY JUDGE BARKER—Affirming.

The city of Maysville permitted the January & Wood Company to construct and maintain a wooden

box sewer from its cotton mills across its own lot under the sidewalk of Short street into the gutter beyond. It was under the earth, and so covered over as not to be visible to the eye, and the private corporation allowed it to become so stopped up that a pool of water was formed within it. The surplus water overflowed the obstacle, and ran on out into the street. The waste water was very hot, and the appellant in walking over the drain broke through and fell into the pool underneath, by which he was severely scalded receiving serious and permanent injuries, to recover damages for which he instituted this action against the city. The original petition was twice amended. The general demurrer filed to it, as finally amended, was sustained, whereupon the plaintiff declined to plead further, and it was dismissed, from which judgment he now appeals.

The original petition stated a good cause of action against the city, because it alleged that the drain was defective at a point under the sidewalk, and that the plaintiff broke through and fell into the pool beneath while lawfully using the highway, and the municipality knew, or by the exercise of ordinary diligence could have known, of the defective drain and the dangerous pool beneath the sidewalk; but by amendment it was alleged that the pool of hot water had accumulated either under the sidewalk or at a point within the private property of the January & Wood Company; that one of these alternative allegations of fact was true, but plaintiff did not know which was true. The rule is, that where facts are stated in the alternative with the allegation that one or the other is true, but the pleader does not know which is true, both of the alternative statements must present a cause of action. If one, even if true, fails to present a cause of action, the pleading is bad. Civ. Code Prac. subsec. 4, § 113; City of Louisville v. Muldoon, 94 Ky. 462;

15 Ky. L. R. 233, 22 S. W. 847; L. & N. R. R. Co. v. Coppage, 7 Ky. Law Rep. 527; and Linck's Adm'r v. Louisville & Nashville R. Co. 107 Ky. 370, 54 S. W. 184, 21 Ky. L. R. 1097.

This brings us to a consideration of whether or not the municipality was bound, at its peril, to know of the condition of the drain under the January & Wood Campany's private property. It can not be successfully disputed that it is the duty of the municipal corporation to exercise reasonable care and diligence to keep its highways free from dangerous obstructions, and it is equally true that, if it knowingly permits holes or excavations so near the sidewalk as to render the use of the highway dangerous to travelers, it is liable for injuries resulting from its negligence in this regard. In the Modern Law of Municipal Corporations, vol. 2, §1304, it is said: "Where there are excavations on private lots adjacent to a sidewalk, the city must use reasonable care to protect pedestrians from falling therein." This quotation was approved in the case of City of Carlisle v. Secrest, 75 S. W. 268, 25 Ky. Law Rep. 336, and the same rule was enunciated by the Supreme Court of Iowa in the case of Hall v. Town of Manson, 68 N. W. 922, 34 L. R. A. 207. But there is a difference between requiring a city to barricade against visible excavations, which are so near a sidewalk as to be dangerous to pedestrians without the barricade, and requiring it to extend its investigation into the condition of private drains on private property. In the first place, the excavations being plainly visible, the city must take notice of them, and see to it that the traveling public is protected from injury by proper barricades. But where, as here, the danger is beneath the surface, and, being invisible, cannot be known without digging into the earth, a possibility of injury is presented beyond the reach of the care which the law devolves

upon the municipality for the protection of the public.
Wherever a danger—whether it be a shattered and
unsafe wall or an excavation—is visible, and is so
near the public highway as to render its use danger-
ous, then the law casts upon the municipality the duty
of doing whatever is reasonably necessary to prevent
injury accruing to those in the lawful use of the thor-
oughfare  But the rule does not extend beyond this.
It does not require the municipality to trespass upon
private property by digging into the earth in order
to ascertain the condition of private drains or sewers.

The permission of the city to the private corpora-
tion only extended to the crossing of the drain be-
neath the sidewalk.  Up to the line of the thorough-
fare, the owner of the premises did not require the
permission of the municipality.  The public corpora-
tion was not, therefore, obliged to know the condition
of the sewer or drain underneath the property of the
private corporation.  There was nothing to put it
upon notice of the underlying and concealed danger.
The plaintiff resided with his parents upon the prop-
erty of the private corporation.  They were its ten-
ants, and were in position to know more about the con-
dition of the drain than were the officers of the munici-
pality.  The boards constituting the top of the drain,
owing to the action of the water, after the lapse of a
long time had rotted.  They were covered with earth,
which concealed, but did not protect the passer from,
the danger beneath.  As the city was under no duty to
inspect the private drain of the January & Wood Com-
pany within the line of its property, it cannot be held
responsible for an injury accruing to the plaintiff by
reason of a defect in the drain before it reached the
sidewalk, of which it did not have actual notice.  This
being true, one of the alternative state of facts alleged
by the plaintiff in his petition, as amended, does not
present a cause of action, and, under the rule already

announced, the pleading as a whole did not state a cause of action. The court correctly sustained the general demurrer of the city.

Judgment affirmed.

Petition for rehearing by appellee overruled.