No. 29,032.

JENNIE BURY, *Appellee*, v. THE F. W. WOOLWORTH COMPANY, *Appellant*.

(283 Pac. 917.)

Opinion filed January 11, 1930.

*O. Q. Claflin*, of Kansas City, *O. C. Mosman, Clay C. Rogers* and *Paul A. Buzard*, all of Kansas City, Mo., for the appellant.

*W. W. McCanles*, of Kansas City, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The action is one to recover damages for injuries sustained by the plaintiff in falling on the floor of a store operated by the defendant. Judgment was rendered for the plaintiff, and the defendant appeals.

The evidence tended to show that the defendant was operating a mercantile establishment in Kansas City, Kan.; that the plaintiff

was a customer therein; that while walking in an aisle in the store, she slipped and fell; that the floor, where she fell, had a thick covering of oil on it, making the place slippery; that all of that floor of the store building had been recently oiled; and that in the fall the plaintiff sustained the injuries for which she seeks to recover damages. The defendant did not introduce any evidence, but demurred to the evidence of the plaintiff. That demurrer was overruled.

■ The defendant contends that there was no evidence to show that it had notice of the condition of the floor. The evidence tended to prove that the floor had been recently oiled. A reasonable inference from the fact that the floor had been recently oiled would be that the defendant had caused it to be oiled and therefore knew its condition. That was sufficient evidence to show that the defendant had notice of the condition which caused the plaintiff's injury.

■ Defendant requested two instructions, as follows:

"1. That the plaintiff is not entitled to recover herein unless she has shown that the defendant herein had notice of the alleged condition of the floor at the time and place in question, as alleged in plaintiff's petition.

"2. That the plaintiff is not entitled to recover herein unless the jury find from the preponderance of the evidence that the defendant had notice of the condition of the floor at the time and place in question, as alleged in plaintiff's petition, and had had such notice for a sufficient time in which to have corrected said condition, if such condition is found by the jury to have existed."

These requested instructions presented the same question as the one presented by the demurrer to the evidence. The instructions were properly refused because they did not state that notice might be inferred or presumed from the fact that the defendant had knowingly caused the floors to be oiled and that the workmen had left it in the condition that caused the injury to the plaintiff.

The judgment is affirmed.

JOCHEMS, J., not participating.