## RINCON v. BERG CO. et al.

No. 2811.

Court of Civil Appeals of Texas. El Paso.

April 27, 1933.

Rehearing Denied May 18, 1933.

812

Fryer & Cunningham and Leo Jaffe, all of El Paso, for appellant.

Kemp & Nagle, of El Paso, for appellees.

PELPHREY, Chief Justice.

In this case it appears that the Berg Company, a mercantile establishment located on San Antonio street, in the city of El Paso, Tex., on or before February 29, 1932, advertised a sale at its place of business; that appellant went to the store of appellee, the Berg Company, at about 7 o'clock in the evening; that there was either a considerable crowd assembled in the vestibule of the store when she reached it or that thereafter one assembled; that the Berg Company had one of its employees stationed at the front door admitting the prospective customers, a few at a time, into the store; that she was pushed by the crowd against one of the display windows and received cuts on her head and one of her hands from the broken glass.

Appellant, thereafter, filed this suit against the Berg Company and the Maryland Casualty Company seeking to recover the sum of $10,000 for the injuries sustained by her.

Her right of action against the Maryland Casualty Company was based upon an alleged contract by which the casualty company agreed to discharge all liability of and pay all judgments rendered against the Berg Company up to and including the sum of $10,000, for injuries suffered by persons on the Berg Company's premises.

Appellant's petition, after alleging that B. Berg, the president and manager of the Berg Company, was a merchant of long standing and familiar with the conduct and operation of special sales, that she went to the store in answer to the advertisement for the purpose of making some purchases, and that because of the crowd she was detained at the entrance but on the premises of the Berg Company, contains the following:

"The Berg Company anticipated a large crowd and knew or should have known that a large crowd would assemble on the outside waiting to get into the store. Plaintiff further alleges that The Berg Company knew, or by the exercise of due care should have known, of the accumulation of customers on the outside, that the crowd increased to such proportions so as to endanger the safety of those who were crowded near the display windows. The Berg Company knew, or should have known by the exercise of reasonable care that the rapidly increasing crowd in the entrance was pushing and jostling its several members about."

"Plaintiff further alleges that the defendant, The Berg Company, negligently failed to exercise reasonable care to furnish the crowd at the entrance with a safe place and to keep such place safe; that it failed to properly board the windows, to exercise reasonable care in handling such crowd, and that it failed to exercise reasonable care to keep the crowd from being pushed against the windows."

Appellees answered by general demurrer, general denial, plea of contributory negligence, and that they had theretofore paid appellant the sum of $80 which she had accepted and executed a full release of her claim.

By supplemental petition appellant alleged that the Berg Company discovered her perilous position in time to have averted the injury to her by the exercise of reasonable care in the use of the means and facilities then at its command, and that its failure to use such reasonable care, after having knowledge of her peril, was the proximate cause of her injuries.

She further alleged that the release which she executed was obtained by fraud and mistake.

The case was submitted to the jury upon twelve special issues, the effect of the jury's answers to which was that the execution of the release was induced by the fraudulent representations of the claim agent of the Maryland Casualty Company; that the incident was not an unavoidable accident; that it was negligence on the part of the Berg Company to fail to have the windows boarded up or take other precautions for the safety of persons seeking to attend the sale, and that appellant was damaged in the sum of $1,000.

Upon motion of appellees, non obstante veredicto, the court rendered judgment that appellant take nothing and she has appealed.

Opinion.

Appellant in her brief presents seven assignments of error, all of which relate to the trial court's action in rendering judgment notwithstanding the verdict; her contention being that there was sufficient pleading and evidence to raise an issue for the jury.

Appellees, on the other hand, contend that the facts show that the Berg Company was guilty of no actionable negligence; that, under the facts as developed, appellant assumed the risks and was bound to protect herself from the dangers arising at the sale; and that, if ever she had any cause of action, full accord and satisfaction thereof had been duly made.

Counsel for both parties admit that the case is one of first impression in Texas, but

cite us to authorities from other jurisdictions as sustaining their respective contentions.

Before entering upon a discussion of the main question we shall consider the question of the release and whether the evidence on the question of accord and satisfaction justified the rendering of the judgment.

Appellant's testimony is to the effect that Louis B. King, the claim agent of the Maryland Casualty Company, came to see her to effect a settlement, and, upon being told by her that she wanted first to consult her physician, went to a phone, called up her physician, and reported to her that he had said that her wounds were very small and slight, and that there was no danger at all.

The physician testified that he did not make that statement to King, but told him that he could not state what might be the result of the injury to her hand. There was evidence at the trial tending to show that the injury to her hand was quite serious. These facts, we think, raised a jury question as to the fraud in securing appellant's signature to the release. International-Great Northern R. Co. v. Sifuentes (Tex. Civ. App.) 6 S.W.(2d) 192, and authorities cited.

As to the main question appellant places great dependence upon the case of Greeley v. Millers, Inc., 111 Conn. 584, 150 A. 500, while appellees cite Woolworth & Co. v. Conboy (C. C. A.) 170 F. 934, 23 L. R. A. (N. S.) 743, and Hunnewell v. Haskell, 174 Mass. 557, 55 N. E. 320.

A careful reading of the above cases shows that they are not based upon the same facts as the case at bar.

In the Greeley Case cited by appellant two of the grounds of negligence alleged by the plaintiff were that the defendant failed to open the door of the store at the advertised hour and failed to open the door after it saw the crowd pressing forward in the entrance way and against the show windows. It will be seen from the allegations of negligence in this case, heretofore quoted, that no such allegations were made here.

In Woolworth v. Conboy, the grounds of negligence were an unguarded stairway and permitting a large and violent crowd to assemble on the store premises. The court's holding that the facts did not warrant a recovery could not, we think, be any guide for the disposition of this case.

In Hunnewell v. Haskell, the opinion contains a very meager statement of the facts and, as we interpret it, merely holds that a shopkeeper is under no duty to warn of the presence of an ordinary flight of stairs in broad daylight, or to guard the necessary access to it, even if there is a crowd in the shop. This holding is likewise not in point.

The following issue was the only issue as to the negligence of the Berg Company submitted to the jury: "Do you find from a preponderance of the evidence it was negligence on the part of the said Berg Company to fail to have said windows boarded up or take other precautions for the safety of parties seeking to attend the sale then in progress?"

Appellant requested this further issue which was not submitted: "Do you find from a preponderance of the evidence that under the surrounding circumstances The Berg Company failed to exercise reasonable care to provide a safe place at the entrance of its store for the accumulating crowd?"

There being no evidence showing that there was any defect in the construction of the entrance to the store, or that it was built other than in the customary way, the court properly refused to submit the latter issue.

With this situation existing, appellant could not recover unless the facts were sufficient to justify a recovery on the single issue of negligence submitted, as heretofore quoted; all the other grounds of recovery being waived by appellant's failure to request their submission. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084.

It will be noted that the issue calls upon the jury to find if it was negligence on Berg Company's part to fail to have the windows barred or to take other precautions for the safety of parties seeking to attend the sale.

Webster defines precaution to be: "A measure taken in advance to ward off danger or secure certain advantages." Therefore the expression "other precautions," as used in the issue, must have necessarily meant the doing of something by the Berg Company to ward off or lessen the danger before the crowd assembled or at least before it became so numerous as to give cause for alarm.

A search of the pleadings and of the evidence fails to even suggest that there was any duty devolving upon the Berg Company to do anything in the way of making preparations for the crowd before its arrival, other than board up the show windows. This being true, the latter portion of the issue should be disregarded leaving the sole question of whether the fact that the Berg Company failed to board up the show windows was negligence and the proximate cause of appellant's injury.

Our Supreme Court, in the case of T. & P. Ry. Co. v. Bigham, 90 Tex. 223, 38 S. W. 162, 163, in a discussion of proximate cause in a case in which the railway company was sought to be held liable for damages because of the defective condition of the appliance for fastening the entrance gate to its stock pens, and where appellee, while attempting to fasten the gate with a rope,

was injured by the cattle becoming frightened and plunging against the gate, said: "The maxim that, 'in law, the immediate, and not the remote, cause of any event, is regarded,' applies to cases of negligence. The negligence must be the proximate cause of the injury. But the word 'proximate' is not happily used in that connection. In ordinary language, a proximate cause is the nearest cause; but, in a legal sense, an act of negligence may be deemed a proximate cause of an injury, although it may not be the last cause in a connected succession of events which have led to a result. It is usually laid down, in cases of negligence, that, in order to constitute the proximate cause of an injury, the injury must be the natural and probable result of the negligent act or omission. Since every event is the result of a natural law, we apprehend the meaning is that the injury should be such as may probably happen as a consequence of the negligence, under the ordinary operation of natural laws. The rule is sometimes put upon the ground that to allow a recovery for injuries' resulting from remote causes would lead to intolerable litigation, and this seems to be indicated in Bacon's paraphrase of the maxim quoted above: 'It were infinite for the law to consider the causes of causes, and their impulsions one of another. Therefore it contenteth itself with the immediate cause, and judgeth of acts by that, without looking for any further degree.' But it seems to us that as applied to the law of negligence, at least, a better ground for the rule is that a party should not be held responsible for the consequences of an act which ought not reasonably to have been foreseen. In other words, it ought not to be deemed negligent to do or to fail to do an act when it was not anticipated, and should not have been anticipated, that it would result in injury to any one. To require this is to demand of human nature a degree of care incompatible with the prosecutions of the ordinary avocations of life. It would seem that there is neither a legal nor a moral obligation to guard against that which cannot be foreseen, and under such circumstances the duty of foresight should not be arbitrarily imputed."

The above discussion appeals to us as being peculiarly applicable to the question under consideration. Can it be said that the Berg Company could have reasonably foreseen that, if it failed to board up its display windows, a crowd would come to attend the sale, the members of which would become so impatient that they would push other members against the display windows in the entrance, thereby injuring them? We think not.

The court in the above case in answering the question whether the agents of the company should have foreseen that, as a result of the imperfect fastening of the gate, the injury suffered, or any injury similar in character, would probably result, said: "In our opinion, nothing short of prophetic ken could have anticipated the happening of the combination of events which resulted in the injury of the person of the plaintiff."

In that case the court held that, as a matter of law, the act of the company in permitting the fastening to its gate to become insecure gave no right of action for the injuries.

It is our opinion that the failure of the Berg Company to board up its windows would likewise give no right of action for the injuries sustained by appellant, under the facts here disclosed.

In the Greeley Case, supra, cited by appellant, the court held that the facts would not have justified a conclusion of negligence from the failure of the defendant to have placed barriers over the windows.

We find no error in the action of the trial court in rendering judgment non obstante veredicto, and the judgment is accordingly affirmed.