## No. 41,616

MARY G. LITTLE, *Appellant,* v. CHARLES B. BUTNER, d. b. a. Butner IGA Food Liner; and RATH PACKING COMPANY, an Iowa Corporation, *Appellees.*

(348 P. 2d 1022)

Opinion filed January 23, 1960.

*Roy N. McCue,* of Topeka, argued the cause, and *Lester M. Goodell, Marlin S. Casey, Raymond Briman* and *Thos. R. Sewell,* all of Topeka, were with him on the briefs for appellant.

*O. B. Eidson,* of Topeka, argued the cause, and *T. M. Lillard, Philip H. Lewis, James W. Porter, Charles S. Fisher, Jr.,* and *E. Gene McKinney,* all of Topeka, were with him on the briefs for appellee Rath Packing Company.

*Donald Patterson,* of Topeka, argued the cause, and *Irwin Snattinger, David H. Fisher, C. K. Sayler* and *Jack L. Summers,* all of Topeka, were with him on the briefs for appellee Charles B. Butner.

The opinion of the court was delivered by

FATZER, J.: The plaintiff appeals from an order sustaining separate demurrers to her amended petition in which she sought to recover damages for personal injuries resulting from a fall.

For the purpose of identifying the parties the appellant will be referred to as plaintiff, the appellee Charles B. Butner, d. b. a. Butner IGA Food Liner as Butner, and the appellee Rath Packing Company as Rath.

Plaintiff's petition which was filed May 1, 1958, alleged that on June 1, 1956, she fell and received painful and permanent injuries while shopping for groceries in Butner's store because the floor was made slick and slippery by meat samples dropped on the floor after being handed out to patrons, customers and children by a demonstrator carrying on a food demonstration for Rath's meat products. Butner's motion to make the petition definite and certain was sustained in part and plaintiff was directed to state (1) whether she slipped on and was caused to fall by meat samples on the floor; (2) whether the demonstrator of Rath's meat products was Butner's employee; (3) the facts forming the legal basis by which the alleged negligence of the demonstrator was imputed to Butner in the event the plaintiff did not allege the demonstrator was Butner's direct employee; (4) when Butner first had notice that meat samples were on the floor of the store, and (5) whether any condition or object prevented the plaintiff from seeing the condition of the floor where she slipped.

The amended petition re-alleged the facts above set forth, and further, that shortly before the time complained of Butner engaged or permitted Rath to carry on a demonstration of meat products in the store, the exact nature of the arrangement or agreement between Butner and Rath being unknown to the plaintiff but well known to the defendants; that as a part of the arrangement or agreement, Butner and Rath employed the services of a demonstrator to carry on the food demonstration who handed out products of Rath to patrons and customers of Butner's store; that the demonstration attracted a large number of patrons and customers and their children in that part of the store where the demonstration was being conducted which obstructed and hid from the view of the plaintiff the slick, slippery and dangerous condition of the floor, and that the plaintiff did not know whether the demonstrator was employed by Butner or Rath but the exact nature of the agreement was well known to the defendants.

Paragraph V of the amended petition reads in part as follows:

"Plaintiff further alleges and states that the defendants and each of them well knew that the demonstrator, as an employee and agent of either or both of them, would hand out meat products of the defendant Rath Packing Com-

pany in sample portions to patrons and customers of Butner's store, and to children of tender age; that the defendants and each of them well knew that said customers, patrons and children of tender age would drop particles of said meat products on the floor of the store and thereby cause the floor to become slick, slippery and dangerous; that the said demonstrator as an employee and agent of the defendants was present during said demonstration and knew or should have known that said meat products were being dropped and that as the customers and patrons walked over said meat particles, a slick, slippery and dangerous condition of the floor resulted; that as the plaintiff walked across the floor of said store, her feet suddenly and abruptly slipped on said meat particles and on the said slick and slippery floor, causing her to fall and receive painful and lasting injuries. . . ."

The plaintiff then alleged the proximate cause of her injuries was the negligence of Butner and Rath and each of them, their agents, servants and employees in the following particulars:

"(a) . . . in making provisions for said demonstration in said Butner IGA Food Liner store, with no precautions taken to prevent the dropping of meat samples upon the floor by customers to whom said samples were given;

"(b) . . . in handing meat samples or other substances to children of tender years, with no precautions taken for the disposal of said samples, when the defendants knew or by the exercise of reasonable care should have known that such meat samples or other products would be dropped upon the floor of said store;

"(c) . . . in not seasonably picking up any samples or parts thereof that had been dropped on the floor of said premises, and particularly in failing to take any seasonable steps to pick up the particular meat sample or other product that was dropped on the floor where the plaintiff encountered it causing her to fall in the manner hereinbefore alleged."

We shall not discuss the injuries received, or their extent, as they are not material to a discussion of the legal questions presented.

The plaintiff first specifies as error the sustaining in part of Butner's motion to make her petition definite and certain. The point is not well taken. The notice of appeal specified that the appeal was only from the order of May 4, 1959, sustaining the defendants' separate demurrers to the plaintiff's amended petition; it did not include the order sustaining the motion to make definite and certain. No effort was made by the plaintiff to amend her notice of appeal, as authorized by G. S. 1949, 60-3310, and thus broaden its scope to include the error specified. Under the facts presented, the specification of error is not subject to appellate review (*Gaynes v. Wallingford,* 185 Kan. 655, 347 P. 2d 458, and cases cited therein).

The plaintiff next specifies as error the sustaining of the defendants' separate demurrers. This presents the real question for decision.

The plaintiff contends the amended petition alleged facts which constitute actionable negligence against both the defendants and did not show her to be guilty of contributory negligence or an assumption of risk of falling by reason of the slick and slippery condition of the floor. She argues that she entered Butner's store as a business invitee for the purpose of buying groceries; that she was in the main part of the store where groceries were displayed for sale and that as a customer she had a right to expect that the premises were in a reasonably safe condition so that she could go about the premises in carrying out her purpose without receiving injury to herself; that under the facts and circumstances alleged, both defendants were required to exercise due care to make the premises reasonably safe for her and to warn her of the slick and slippery condition of the floor which they knew or should have known existed by reason of the dropping of meat particles.

The defendants argue that the plaintiff failed to allege any actionable negligence on their part and assert the separate demurrers were properly sustained. It is well settled that the fact an injury occurs is not sufficient to establish liability, and before a plaintiff can recover he must allege and prove the negligence which was the proximate cause of the injury for which recovery is sought. (*Kinderknecht v. Hensley*, 160 Kan. 637, 164 P. 2d 105; *Lee v. Gas Service Company*, 166 Kan. 285, 289, 201 P. 2d 1023; *Lamb v. Hartford Accident & Indemnity Co.*, 180 Kan. 157, 161, 300 P. 2d 387.) The burden rests upon the plaintiff in this action since the allegation and proof of negligence is not to be presumed from the mere fact she was injured as a result of her fall. To recover, it is essential that she allege and prove a failure to exercise reasonable care for the safety of customers; the fact that damage was occasioned by some breach of duty on the part of the defendants must be affirmatively alleged and proved.

It is clear that, under the allegations of the amended petition and our decisions (*Reese v. Abeles*, 100 Kan. 518, 521, 164 Pac. 1080, L. R. A. 1917E 747; *Criswell v. Bankers Mortgage Co.* 128 Kan. 609, 612, 278 Pac. 722; *Kurre v. Graham Ship By Truck Co.* 136 Kan. 356, 360, 15 P. 2d 463; *Thogmartin v. Koppel*, 145 Kan. 347, 349, 65 P. 2d 571; *Bass v. Hunt*, 151 Kan. 740, 745, 100 P. 2d

696; *Campbell v. Weathers,* 153 Kan. 316, 322, 111 P. 2d 72; *Thompson v. Beard and Gabelman, Inc.* 169 Kan. 75, 216 P. 2d 798), the plaintiff was a business invitee when she entered Butner's store and shopped on the premises where groceries were displayed for purchase. Under such a situation, she had every right to assume that the floor was suitable and safe to walk upon and that she could carry out her purpose without injury to herself. See, Anno: 100 A. L. R. 720, 721.

Whenever men engage in business and invite the public, either expressly or impliedly, to come upon their premises to patronize them, there is a duty resting upon the proprietor in control of the business to use due care to keep in a reasonably safe condition those portions of the premises where guests or customers may be expected to come and go and he is liable to those who without their own fault are injured by his failure to do so. If there is a dangerous place on the premises, he must safeguard those who come lawfully thereon by warning them of the condition and the risk involved (*Reese v. Abeles,* supra, p. 520; *Criswell v. Bankers Mortgage Co.,* supra; *Thogmartin v. Koppel,* supra, p. 349; *Relahan v. F. W. Woolworth Co.* 145 Kan. 884, 887, 67 P. 2d 538; Restatement of the Law, Torts, § 342; 65 C. J. S., Negligence, § 45, p. 521; 38 Am. Jur., Negligence, § 131, p. 792). In other words, he is bound to use due care to protect his invitees from injury, not only from defects in the premises but also from other dangers arising from the use of the premises by himself or his licensee (*Reese v. Abeles,* supra, p. 521; *Relahan v. F. W. Woolworth Co.,* supra, p. 887; Restatement of the Law, Torts, § 343, pp. 938, 939). The true ground of liability is his superior knowledge over that of business invitees of the dangerous condition and his failure to give warning of the risk (*Bury v. Woolworth Co.,* 129 Kan. 514, 283 Pac. 917; *Relahan v. F. W. Woolworth Co.,* supra; *Thogmartin v. Koppel,* supra), however, he is not an insurer against all accidents which may befall them upon the premises (*Steinmeyer v. McPherson,* 171 Kan. 275, 232 P. 2d 236; *Thompson v. Beard and Gabelman, Inc.,* supra).

The defendants strenuously argue that the amended petition was fatally defective because it did not allege the length of time the meat particles remained on the floor prior to the plaintiff's fall. They insist that the existence of such debris must be accompanied by an allegation that it remained there for a sufficient length of time to give the defendants notice, not only of its existence on the floor, but of its existence in sufficient quantity and amount as to give the

defendants reasonable grounds to believe that an unreasonable risk or hazard existed; further, that the mere existence of debris on the floor where customers normally walk or are expected to walk, which was placed there by other customers, does not in and of itself constitute actionable negligence on the part of the proprietor. In support of their contention, the defendants cite and rely upon *Relahan v. F. W. Woolworth Co.,* supra; *Glenn v. Montgomery Ward & Co.,* 160 Kan. 488, 163 P. 2d 427, and *George v. Ayesh,* 179 Kan. 324, 295 P. 2d 660.

Without making an extended review of the decisions cited, suffice it to say we think they are not helpful to the defendants for reasons hereafter noted. As previously indicated, the liability of a proprietor of a business is predicated upon his superior knowledge concerning dangerous conditions and his failure to warn persons present of the risk. With respect to the necessity of proof that the proprietor of a store in which the plaintiff was injured in a fall on an interior floor had notice of the dangerous condition, the cases are divided into two classes: (1) injuries to customers caused by dangerous conditions negligently created or maintained by the proprietor or his servants (*Reese v. Abeles,* supra; *Bury v. Woolworth Co.,* 129 Kan. 514, 283 Pac. 917; *Trimble v. Spears,* 182 Kan. 406, 413, 320 P. 2d 1029; *J. C. Penney, Inc. v. Kellermeyer,* 107 Ind. App. 253, 19 NE 2d 882, 22 NE 2d 899; *Brown v. Slack,* 159 Nebr. 142, 65 NW 2d 382; *Kroger Grocery & Baking Co. v. Diebold,* 276 Ky. 349, 124 SW 2d 505), and (2) injuries due to dangerous conditions coming about through no active fault of the proprietor and not involving an instrumentality employed by him in the conduct of his business (*Relahan v. F. W. Woolworth Co.,* supra; *Glenn v. Montgomery Ward & Co.,* supra). Under the former, the condition is one which is traceable to the proprietor's own act, that is, a condition created by him or under his authority, or is one in which he is shown to have taken action, and proof of notice is unnecessary. Under the latter, where the floor has been made dangerous by the presence of an obstacle which is traceable to persons for whom the proprietor is not responsible, absent a condition created by himself, proof that the proprietor was negligent with respect to the floor condition requires a showing that he had actual notice thereof, or that the condition existed for such a length of time that in the exercise of reasonable care he should have known of it (Anno: . 61 A. L. R. 2d pp. 124, 125 and 62 A. L. R. 2d, p. 31).

The defendants, by their arrangement or agreement to conduct the demonstration, created a condition, the amended petition alleges, whereby they knew or should have known that patrons, customers and children of tender years would drop particles of meat on the floor causing it to become slick and slippery and creating a dangerous condition in that area of the store where the demonstration was being conducted. These allegations, which are admitted by the demurrers, clearly bring the instant case within the first class of cases making proof of notice unnecessary. The Relahan and Glenn cases, *supra*, relied upon by the defendants deal with factual situations bringing them within the second class of cases, and in *George v. Ayesh*, supra, the plaintiff was held to be guilty of contributory negligence as a matter of law. Thus, the authorities relied upon by the defendants are not in point, nor do they control the decision in the instant case.

The dangerous condition here alleged was created and negligently maintained by the defendants in agreeing to, and carrying on, the demonstration in a manner which they knew, or with the exercise of reasonable care should have known, would render the premises unsafe. Where meat samples are handed out by a demonstrator to customers in a large super market as a means of acquainting the public with the product, it is not unreasonable to assume that parts of such samples will be dropped to the floor and stepped upon by customers and patrons making the floor slick, slippery and dangerous to walk upon. Due care, under such circumstances, would seem to dictate that receptacles or other means be provided for their disposal and that seasonable cleaning of the floor would be necessary. Negligence is alleged to inhere in the condition created and the fact that meat particles were dropped by customers and children of tender years is immaterial. The over-all condition was created by the defendants in carrying on the demonstration without taking the precaution, it is alleged, of providing suitable means for disposing of the samples and of cleaning the floor at seasonable intervals. Under such circumstances, the defendants breached their duty to the plaintiff in failing to warn her of the dangerous condition created. Whether the defendants should have reasonably anticipated that the handing out of meat samples to customers and children in the store would result in meat particles being dropped, making the floor slick, slippery and dangerous for the use of plaintiff and other customers, seems clearly to present a question for a jury.

The defendants urge that the plaintiff must be held to be guilty of contributory negligence as a matter of law because, under the circumstances alleged, she was a patron of the store among and with other store patrons, customers and children who were accepting meat samples and using them in the manner described in the amended petition; that if the number of patrons, customers and children was sufficiently large to constitute an unruly crowd, she is barred from recovery as a matter of law since she freely became a part of the crowd and assumed the risk of the hazard it produced; further, that if the alleged crowd was sufficiently sparse to allow the plaintiff to move about, walk and fall as she alleged, the floor was not completely hidden from her view, and she stepped and fell on something which was in plain sight to be seen.  In making the contention, the defendants cite and rely upon *Klish v. Alaskan Amusement Co.*, 153 Kan. 93 109 P. 2d 75; *Hickey v. Fox-Ozark Theatres Corp.*, 156 Kan. 137, 131 P. 2d 671; *Glenn v. Montgomery Wark & Co.*, 160 Kan. 488, 163 P. 2d 427; *George v. Ayesh*, 179 Kan. 324, 295 P. 2d 660; and the following authorities from other jurisdictions:  *F. W. Woolworth & Co., v. Conboy*, 170 Fed. 934, 23 L. R. A. (NS) 743; *Fenasci v. S. H. Kress & Co.*, 17 La. App. 170, 134 So. 779; *Snyder et al., v. Salwen et al.*, 317 Pa. 531, 177 A. 789, and *Rincon v. Berg Co.*, (Tex. Civ. App.) 60 S. W. 2d 811.

No attempt will be made to analyze the authorities cited, but running through them are factual situations and rules of law which do not permit application to the case at bar.  Butner candidly concedes there are no decisions of this court dealing specifically with the obligations of a proprietor of a business to control the action of his patrons and customers while on his premises transacting business with the proprietor's agents, servants and employees.  It may be said, broadly speaking, that the authorities relied upon fall within two categories:  The first deals with injuries sustained as a result of crowding in a place of amusement (*Klish v. Alaskan Amusement Co.*, supra; *Hickey v. Fox-Ozark Theatres Corp.*, supra), and the second with injuries received in a store caused by the uncontrolled or violent conduct of a crowd which the proprietor had no reasonable cause to anticipate, such as a customer being pushed through a display window and cut by glass where Easter lilies were being sold (*Fenasci v. S. H. Kress & Co.*, supra); attending a sale which had been advertised by the proprietor (*Rincon v. Berg Co.*, supra); pushed down a stairs at a special sale of graniteware (*F. W. Wool-*

*worth & Co. v. Conboy,* supra), or against a post on the premises while making purchases at a fire sale (*Snyder et al., v. Salwen et al.* supra). But, none of these are the situation alleged by the plaintiff. While members of the public assume risks of ordinary crowds, the plaintiff makes no claim she was injured by the jostling or uncontrolled conduct of the crowd which was attracted by the demonstration; no allegation was made that she became a part of the crowd, or accepted and used meat samples in the manner described in the amended petition. On the contrary, it is alleged she entered the store to shop for groceries and while about that business, she slipped and fell on meat particles and the slick and slippery floor, the proximate cause of which was due to the negligence of the defendants in the manner alleged. There was nothing to warn her of the dangerous condition created, and we cannot say as a matter of law that she assumed the risk of the hazard which caused her fall. The doctrine of assumption of risk applies only where there is knowledge and appreciation of the danger and peril, and the voluntarily placing of oneself in the way of such danger and peril. That did not exist. For an excellent statement of the rule see *Kleppe v. Prawl,* 181 Kan. 590, 593, 594, 313 P. 2d 227, 63 A. L. R. 2d 175. See, also, Anno: 20 A. L. R. 2d 8.

Upon entering a store a mature and normal customer must make reasonable use of his faculties for his own protection and in the interest of his safety he is required to use that degree of care which a person of ordinary prudence would exercise under the same or similar circumstances (38 Am. Jur., Negligence, § 199, p. 879, § 131, p. 791; *Reese v. Abeles,* supra). But where a customer, such as the plaintiff, in the proper pursuit of his business, passes along aisles between counters where merchandise is displayed, he would necessarily be required to pay close attention to the shelves and would not ordinarily be expected to watch the floor and each step taken. In the absence of circumstances which indicate or which reasonably should indicate the existence of defects or dangers, he may assume the premises are safe for the use to be made of them under the invitation to be present in the store. In other words, it is not contributory negligence for a business invitee upon the premises to fail to look out for danger when there is no reason for an ordinarily prudent person to apprehend a peril such as alleged in the amended petition (38 Am. Jur., Negligence, § 199, pp. 879, 880; *So. Express Co. v. Williamson,* 66 Fla. 286, 63 So. 433, L. R. A., 1916C 1208).

In *Buck v. Miller Amusement Co.*, 166 Kan. 205, 200 P. 2d 286, it was held:

"As a matter of law, one is not guilty of negligence who does not look for danger where there is no reason to apprehend any." (Syl. ¶ 3.)

The plaintiff, upon entering the store, had a right to assume that the floor was suitable and safe to walk upon and she was not required to expect that Butner would violate his legal duty and produce, through his agreement with Rath, a dangerous condition on the floor upon which he invited the plaintiff and other customers to walk. Under the circumstances alleged, we think the question of whether the plaintiff was guilty of contributory negligence is one upon which minds of reasonable men might differ, and is a fair question for a jury.

Butner and Rath lastly contend the separate demurrers were properly sustained because the plaintiff alleged in the alternative that the demonstrator was "an employee and agent of either or both of them." They argue that while a party may allege alternatively the existence of facts, both alternatives must state a cause of action or a defense; that where facts are pleaded in the alternative, with the allegation that one or the other is true, but the pleader does not know which is true, the pleading is insufficient unless both alternative statements allege a cause of action; that the averment of liability on the part of one or the other of two defendants is not permitted, and that in construing a pleading whose averments are in the alternative or disjunctive, the construction least favorable to the pleader is to be adopted. In support of the contention, the defendants cite *Miller v. Johnson*, 155 Kan. 829, 130 P. 2d 547; *Stringer v. Calmes*, 167 Kan. 278, 205 P. 2d 921; *Kloepfer v. Chicago, Rock Island & Pacific Rld. Co.*, 174 Kan. 96, 254 P. 2d 243; *Emrie v. Tice*, 174 Kan. 739, 258 P. 2d 332; *Knoor v. Reineke*, 38 Ida. 658, 224 P. 84; *Hoffman v. City of Maysville*, 123 Ky. 707, 97 S. W. 360; 49 C. J., Pleading, p. 98; 41 Am. Jur. Pleading, p. 317, and 1 Bancroft's Code Pleading, p. 74.

Rath further argues that the least favorable fact to the plaintiff was that the demonstrator was an employee of Butner and was under his supervision and control in a store operated by him, which was not in any way alleged as being operated by Rath, its agents or employees, hence, no cause of action was alleged and Rath's demurrer was properly sustained.

We are not persuaded the contention is meritorious. For reasons heretofore stated, the amended petition was not fatally defective because it alleged the demonstrator was the employee and agent of either or both Butner and Rath. Both alternatives are good in substance (*Kloepfer v. Chicago, Rock Island & Pacific Rld. Co.,* supra). Rath was in the store pursuant to an arrangement with Butner to demonstrate its food products. Whether that arrangement constituted a joint enterprise need not here be passed upon. Business concerns such as Butner and Rath invest large sums of money in mediums of advertising, one of which is to demonstrate their products for prospective customers to examine and purchase. While they may not contemplate a sale to every invitee, they do hope to interest regular customers and to cultivate new ones.

The demonstration was beneficial to both parties. In carrying it on with Butner, Rath owed the duty to exercise due care to keep the premises in a reasonably safe condition in that part of the store where the demonstration was being conducted. Rath may not accept its benefits and avoid its liabilities. Under the circumstances alleged and admitted by the demurrers, the demonstration was conducted in such a manner as to create a dangerous condition of the premises and constituted a breach of duty on the part of Rath to warn the plaintiff of the danger. Thus, if it becomes material upon the trial of this lawsuit whether the demonstrator was the agent and employee of either or both Butner and Rath, the allegations of the amended petition allege a cause of action against both defendants, and, under the authorities cited, is good when challenged by a general demurrer.

We are here dealing with demurrers to an amended petition. Whether the plaintiff will be able to support the allegations with evidence is a question we do not pass upon. As previously indicated, the question of what constitutes the proximate cause of plaintiff's injury, as well as the question of the defendants' negligence, is one of fact to be determined by a jury from a consideration of all the evidence. The same is true with respect to whether the plaintiff was guilty of contributory negligence.

Our review of the record convinces us the amended petition alleged a cause of action against both of the defendants and the trial court erred in sustaining the separate demurrers. The judgment is reversed.